Willie M. CORNELL et al., Appellants,

v.

AMERICAN INDEMNITY COMPANY,
Appellee.

No. 12782.

Court of Civil Appeals of Texas.

Galveston.

Feb. 10, 1955.

Rehearing Denied March 3, 1955.

Ted Musick, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, and Eugene Cavin, Houston, for appellee.

CODY, Justice.

This was a suit by appellant, joined by her husband, brought upon a policy of insurance issued to her by appellee and which insured her against damage to her residence in Houston caused by explosion. The explosion, which appellant alleged caused damages to her residence, occurred on June 5, 1953 at the Alco Fireworks factory which was located about three-quarters of a mile from appellant's residence.

The court, trying the case without a jury, rendered judgment for appellant on the insurance policy for the principal sum of $300. From such judgment appellant has appealed and predicates her appeal upon points which we have re-phrased to read as follows: (1) The court erred in admitting the testimony of appellee's witness McKenzie as to his estimate of the cost to repair appellant's residence because such estimate was based in part upon a written report prepared by a Mr. Merritt, an engineer, and further based in part upon a conversation had by Mr. McKenzie with Mr. Merritt. (2) The evidence was wholly insufficient to support the judgment for $300 in favor of appellant.

We overrule the points. Before coming to the discussion of the points, we should give this additional statement of facts. Appellant's residence is a brick veneer which was about 18 or 19 years old at the time of the trial. Mr. Merritt fur-

nished appellee's counsel with a written report of his inspection of appellant's residence, showing the hair checks in the masonry and the other defects which had occurred in the house, from whatever cause, since the time it had been built some 18 or 19 years prior to such inspection. The porch slab was also cracked and there was a tendency of the railings to pull away from the house. Appellee's counsel furnished appellant's counsel with a copy of this report and it was freely used by said attorneys in examining the witnesses, particularly Mr. Merritt, the author of the report. Mr. Merritt fully testified as to the defects which he found in the house and in that connection some 25 photographs had been taken at the behest of appellee and were introduced upon the trial. It was the opinion of Mr. Merritt that the hair checks, or hairline checks as they appear to be indifferently called in the evidence, were such as would naturally result in a house of the type of construction involved over a period of 18 or 19 years due to changes in temperature and corresponding contraction and expansion of the wooden part of the house and also of the brick part, to a lesser extent. Merritt further testified that in houses of this type of construction the porch with its cement slab tended to settle more than the house proper, which accounted for the cracking of the slab and the tendency of the railings to pull away from the house. Merritt further gave it as his opinion that no matter what caused the hairline checks that the only work necessary to put the house back in top condition for a building of its age would be to rebuild the slab on the front porch and point up the bricks in the brick work. He further testified that if the explosion had the force to cause all of the cracks in the house, then the main wall would have been much more severely damaged.

We digress at this point to state that it is appellant's contention that there is no evidence in the case having probative value that could fix her damages as a result of the explosion at less than $4,339.50. This sum, according to appellant's evidence, would have been the cost of replacing the slab on the front porch and tearing out every brick down to the bare frame of the house, and then erecting new brick and mortar around the frame. It was appellant's theory that the explosion had done all the damage which the house displayed and that the only way to repair same was in the manner indicated. This, of course, was in direct contrast to the evidence of Merritt that all that was necessary to put the house back in top condition for a building of its age would be to rebuild the slab on the front porch and point up the bricks in the brick work. Certainly the evidence, including the pictures of the defects, would authorize the court to accept appellee's theory, rather than appellant's theory, as to what was necessary to repair the house, assuming that all of the defects which had developed, or been caused in the house, could be traced to the explosion. But the burden was on appellant to establish by a preponderance of the evidence not only that the explosion caused the damages to her residence, but the amount of damages. As we appraise the evidence, the court would have been warranted in finding against appellant's contention that the explosion caused any of the damages to appellant's house which was reflected in the pictures and testified to by the witnesses. However, the court did find that the explosion did cause damages to the house to the extent that it would cost $300 to repair them. If, as appellant contends, there is no competent evidence in the record to sustain such finding, this would be ample cause to reverse the judgment at the complaint of appellee, but it is not clear how appellant would be hurt by obtaining a judgment in her favor which could not be sustained by the evidence in the case.

Appellee's witness McKenzie, who was a brick mason and contractor, testified without objection that he had personally inspected the house a short time after the explosion and that he thought all of the hairline checks could be corrected by pointing up the bricks in the brick work and that the cost of doing this would be $150.00 and that

he would make a firm offer to do same at that figure. His testimony upon re-direct examination was to the effect that his estimate also took into account the condition of the hair checks at the time of the trial as determined by Mr. Merritt's inspection shortly before the trial.

■ We do not think that a witness's testimony as to his opinion regarding anything which he has qualified to testify about can ever be properly designated as hearsay evidence. He does not determine what his opinion is by some one else telling him what is in his own mind. If Mr. Merritt's report of his inspection of the residence had been offered in evidence as tending to establish the *existence* of hair checks in the masonry work, or the cracked slab porch, such would have been hearsay evidence, and incompetent. (Emphasis supplied.) But where Mr. Merritt testified to the condition in which he found the house, and all parties were in possession of his written report of the defects which he found in the house, it was competent for Mr. McKenzie to give his opinion of what it would cost to repair the defects enumerated in Merritt's report. Whether the defects were actually present in the house was another question. Actually, it seldom happens that one witness is in a position to testify as to all of the relevant facts about a controversy on trial. And it most frequently happens that an expert witness gives his opinion based upon facts which, for the purposes of his opinion, are taken as true.

The case of a witness testifying as to his opinion is completely different from a witness testifying as to what the opinion of some third party is. The latter case is obviously hearsay. As we read the cases upon which appellant relies, they are not instances where a witness testifies as to his own opinion, and which he directly knows, but are instances where the witness seeks to testify as to the opinion of some third person.

■ Here the trial court apparently took appellee's evidence to the effect that the porch slab was in its condition due to the natural process of settling, and not due to the explosion. He did not accept any definite figure which had been introduced into evidence as to the cost of repairing the hair checks. McKenzie testified that such cost would be $150.00, and that he would do the job for that sum. The court doubled that figure. As the trier of facts he was not bound to accept the figure at which Mr. McKenzie would do the job. We believe that it was the prerogative of the trier of facts to size up the witnesses, and if he concluded that a witness's figures are overly conservative, to make appropriate allowances. We cannot agree, therefore, that the evidence was wholly insufficient to support the judgment. It was directly sufficient to support a judgment of $150. And, as stated, a judgment in favor of appellant in double the amount of what the evidence would directly support is not a matter of which she is entitled to complain.

For the reasons given, appellant's points are overruled, and the judgment is affirmed.

Affirmed.