The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellant,

v.

Mrs. Clyde EGGLESTON, Appellee.

No. 16331.

Court of Civil Appeals of Texas.

Fort Worth.

May 11, 1962.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellant.

Irvin J. Vogel, Wichita Falls, for appellee.

MASSEY, Chief Justice.

Upon a commercial building of Mrs. Clyde Eggleston, appellee herein, the appellant company, Millers Mutual Fire Insurance Company of Texas, wrote a policy contract insuring the building against loss by lightning. On the evening of June 24, 1961, while said policy was in effect, a loss occurred as the result of lightning striking the roof of the building, damaging a substantial portion thereof. Claim was made under the policy and liability for the loss was denied, after which appellee and her husband had the roof repaired. Suit was thereafter filed. Trial was before the court without a jury. Judgment was rendered for the appellee and her husband against the insurance company in the amount proven to have been the reasonable cost of necessary repairs. An appeal was taken.

Judgment reversed. Cause remanded for another trial.

The basis of our reversal is the error of the court in rendering judgment for the amount expended in the repairs to the insured building made necessary on account of the loss, when said amount was not shown to have been the measure of damages applicable to the loss. The measure of damages applicable, under provision of the insurance policy, was the common law measure, i. e., the difference in value of the insured building in its locality immediately prior to the occurrence of the loss and immediately subsequent thereto.

The policy contained limitations upon liability applicable to the foregoing measure of damage, only one of which need be noted. Said limitation is as follows: "liability hereunder shall not exceed * * * the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss, * * *."

In the trial court appellee pleaded the fact that the market value of the building insured, immediately prior to the time of the loss, was $28,760.00, and that immediately subsequent to the loss the value was $24,097.70. By calculation it is to be observed that the amount of loss was therein alleged to be $4,662.30. Immediately following such allegation was a paragraph wherein it was alleged that the damage done to the building as the result of having been

struck by lightning was necessarily repaired at a reasonable cost of $4,662.30.

The trial court made findings of fact and conclusions of law, including the finding that appellee repaired the damage to the building at the reasonable, necessary and customary cost in Wichita Falls, Texas, of $4,587.50, which was the reasonable, necessary and customary cost of the repairs in Wichita Falls, made necessary by lightning striking the roof of appellee's building; and that the appellant company, by reason of the contract of insurance, was obligated to pay appellee for the reasonable, necessary and customary cost of repairing the building roof and placing it in as good a condition as it was immediately prior to the time said roof was struck by lightning.

Neither in the judgment nor in the Findings of Fact and Conclusions of Law was it ever stated that the court was of the opinion, and found, that the difference in value of the building immediately before and immediately subsequent to the occurrence of the loss and damage thereto amounted to $4,587.50, the amount for which judgment was rendered.

It is apparent that the judgment was not based upon the decrease in value of the insured building by reason of the damage done thereto by lightning, i. e., difference in value before and after, but was based upon the proviso of the policy which was a limitation applicable to the aforesaid measure.

■ The question is posed: "Is the 'reasonable cost of necessary repairs' necessarily the same or less than the figure which would be the difference in value before and after the loss necessitating the repairs?" We are of the opinion that it was not, and that by reason of the entry of judgment based upon repair costs as a measure, rather than upon such difference in value, reversible error is apparent.

■ It is not to be doubted that the reasonable cost of necessary repairs to any damaged property, real or personal, could amount to a figure which would be greater than the market value of the property before the damage occurred. By the same token, the reasonable costs of necessary repairs to any damaged property could amount to a figure which would be in excess of the difference in market value before and after the damage was sustained. While we are of the opinion that proof of the reasonable cost of repairs necessary to restore the building to its former condition constituted evidence of damage which could have justified a finding of diminished value (by reason of damage), which would support a judgment under the common law measure of damages, we believe it would be necessary that such a finding actually be made if the judgment could be considered to have requisite support. No such finding was made in the instant case. The evidence in the record was only upon the matter of cost of repairs and there was no direct evidence of the value of the property either before or after the time of the loss.

■ The diminishment in value of the appellee's building, resulting on account of the loss done thereto by lightning, would be an issuable fact independent of that raised upon the matter of reasonable cost of necessary repairs. It was only as to the latter that an express finding was made by the trial judge, and the judgment was based upon such finding. One of the advantages accruing to an appellant through a request for express findings and conclusions under the provisions of Texas Rule Civil Procedure 296, "Conclusions of Fact and Law", is the avoidance of findings that would otherwise be implied to support the judgment. Duncan v. Willis, 1957, 157 Tex. 316, 302 S.W.2d 627, 634, and cases cited. See also McDonald, Texas Civil Practice, p. 1288 "Nonjury Trial", sec. 16.05, "Findings of Fact and Conclusions of Law. A. General".

■ A finding (not made) by the trial court of any amount as the diminishment in value of the building insured as the result of the loss would not have been an element of the finding made as to reasonable costs

of necessary repairs, and therefore could not be treated as an omitted finding presumed to be supplied in support of the judgment. T.R.C.P. 299, "Omitted Findings"; McDonald, Texas Civil Practice, p. 1299, "Nonjury Trial", sec. 16.09, "Omitted Findings".

By other points of error the appellant insurance company contends that there was no evidence, or in the alternative insufficient evidence, to support the finding of the trial court (in its Findings of Fact) that the appellee's loss was occasioned by lightning. We have examined the whole record and reached the conclusion that there was ample evidence which justified the finding in this respect. Said points of error are overruled.

Judgment is reversed and the cause remanded for another trial.