Chloe Lindley **CALHOUN** and **Robin Hood Inns, Inc.,** Appellants,

v.

**UNITED STATES FIRE INS. CO.** and **National Standard Ins. Co.,** Appellees.

No. 8269.

Court of Civil Appeals of Texas, Amarillo.

Dec. 21, 1972.

Rehearing Denied Jan. 23, 1973.

Herbert C. Martin, Amarillo, for appellants.

Blanchard, Clifford & Sims, John C. Sims, Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellees.

JOY, Justice.

This is a suit on two insurance contracts for loss suffered by reason of tornado damages to a building. From an instructed verdict against the plaintiff, this appeal was perfected. Reversed and remanded.

Appellants' building in Lubbock, Texas was damaged by a tornado. The appellees each had issued a policy of insurance upon the building in the amount of $50,000.00. The appellee companies admitted liability in the total amount of $18,818.54 which was refused by appellants and suit brought on both policies. Upon the trial of the cause to a jury and at the close of the evidence the appellees moved for an instructed verdict on the grounds of no evidence to sustain any recovery on the policies except that amount admitted by defendants (appellees). The trial court granted the motion, withdrew the case from the jury

and rendered judgment for plaintiffs in the amount of $18,818.54.

Appellants contend error by the trial court in striking the testimony of appellants' witness Ludwig Teinert, a building contractor, on the grounds that his testimony was based upon hearsay. Teinert was a building contractor and qualified as an expert. He testified that an architect was hired by appellants to assist in making the repairs needed to restore the building and both Teinert and the architect viewed the premises together for that purpose. The architect actually prepared the list of repairs to be made and furnished same to Teinert. Teinert then secured bids from certain subcontractors on portions of the repairs to be sublet and computed the costs of those portions not sublet. The total of all the charges to be made by the contractor Teinert was $50,791.89. Upon cross-examination by appellees' counsel, Teinert admitted that the cost of repairing the building was based upon a list of the repairs furnished by the architect Stevens. Upon objection by appellees' counsel that all of Teinert's testimony was based upon hearsay, the testimony in its entirety was stricken by the trial court.

■ Appellants by their first point contend as error the striking of all the testimony of Teinert. All parties agreed that Teinert was qualified as an expert. Stevens, the architectural engineer who inspected the building, testified that from his inspection he had determined that the building could be repaired and was not a total loss. Upon being questioned on direct by appellants' counsel Stevens testified that he was not familiar with the costs of repairing the building but had been furnished that figure by Teinert. Upon objection by opposing counsel, Stevens was not permitted to testify to the costs of repairing the building upon the grounds of hearsay. Nowhere was Stevens questioned in regard to the repairs needed as a result of the damage sustained by the tornado. Teinert

testified that Stevens furnished the list of repairs and that he (Teinert) could not say of his own knowledge that the repairs suggested by Stevens were necessary. At that point, opposing counsel made a motion to strike all of Teinert's testimony on the grounds that his opinion as to the reasonable costs of repairs was based upon the report of Stevens, which was hearsay. The motion was granted, leaving the appellants in the position of having no evidence in reference to the cost of repairing the building. We think the trial court properly excluded the opinion of Stevens as to the *costs* of the needed repairs as he clearly testified he was not familiar within his own knowledge with the costs involved. Teinert, having based his costs of repairs upon a list furnished by Stevens, was unable to testify from facts within his own knowledge and therefore his opinion, being based upon the opinion of a third party, was not admissible. An opinion of an expert, based solely upon the opinion of a third party and not upon facts properly in evidence before the court, is inadmissible. See Reed v. Barlow, 157 S.W.2d 933 (Tex.Civ.App.—San Antonio 1941, writ ref'd) and Cornell v. American Indemnity Company, 275 S.W.2d 702 (Tex.Civ. —Galveston 1955, writ ref'd n. r. e.).

■■ Appellants also complain that the issues should have been submitted to the jury, even in the absence of excluded testimony of appellants' two witnesses, since there was testimony of the value of the building prior to and subsequent to the tornado damage. Further, the appellees' witnesses testified as to the costs of repairs to the building and thus a fact issue was raised for the final determination by the jury. The appellees tacitly agree that normally the testimony of an interested witness as to his opinion creates only an issue of fact, but contend that this case is different in that once the appellees stipulated to the highest costs of repairs in evidence, the opinions of the appellees' witnesses were converted into facts. We would

agree with that proposition if appellants had also agreed to the stipulation.

The policies of insurance contained the following language:

"(L)iability . . . shall not exceed the actual cash value of the property at the time of the loss . . . nor shall it exceed the amount it would cost to repair or replace the property with material of like kind and quality . . .."

The measure of damages of appellants is the difference in the market value of the building immediately prior to the damages and the market value immediately thereafter. Implement Dealers Mutual Insurance Company v. Cox, 376 S.W.2d 384 (Tex. Civ.App.—Houston 1964, no writ) and Millers Mutual Fire Ins. Co. v. Eggleston, 357 S.W.2d 766 (Tex.Civ.App.—Fort Worth 1962, no writ). This measure of damages is limited, however, by the cost of repairing or replacing the property with material of like kind and quality. Crisp v. Security National Insurance Company, 369 S.W.2d 326 (Tex.Sup.1963). The appellants presented evidence in regard to the differences in the market value before and after the tornado damage and appellees presented two witnesses who testified to the costs of repairing the damage. Both of these witnesses for the appellees testified to different amounts, each of which was less than the amount stipulated unilaterally by appellees. As stated in 56 Tex. Jur.2d Trial § 210:

"A verdict may not generally be directed on the basis of testimony of a party in interest though it is not contradicted or refuted, since the jury may refuse to believe the testimony. This is especially true of testimony that is in any degree doubtful or ambiguous."

We are of the opinion that the trial court erred in withdrawing the cause from the jury in that the appellants were entitled to have the jury pass upon the issues (1) the difference in the market value of the building before and after the tornado dam-age, and (2) the cost of repairs to the building of material of like kind and quality.

The judgment of the trial court is reversed and the cause remanded for trial.