**EAST TEXAS MANAGEMENT CORPORATION, Appellant,**

v.

**F. M. CROWELL et al., Appellees.**

**No. 19077.**

Court of Civil Appeals of Texas, Dallas.

Sept. 1, 1976.

Rehearing Denied Sept. 30, 1976.

Roger F. Thomson, Smith, Schutze, Sanderson & Boudreaux, Dallas, for appellant.

Ben Monning, Jr., Wynne & Wynne, Wills Point, for appellees.

AKIN, Justice.

This is an appeal by East Texas Management Corporation from a temporary injunction prohibiting it from charging its customers for water under a new rate schedule which became effective on June 28, 1976. Plaintiffs F. M. Crowell, Reba Baxter Stewart and H. E. Morrow, three alleged customers of defendant, sought and obtained this temporary injunction as representatives of a class designated as customers of the defendant. The defendant is engaged in the business of selling and distributing water in the Lake Tawakoni area of Van Zandt County. On June 28, 1976, the defendant announced a rate increase which plaintiffs contend is unreasonable. Suit was filed on July 30, 1976, and hearing had on August 6, 1976, on their application for a temporary injunction. After the hearing, the trial court on August 10, 1976, entered its order granting an injunction prohibiting the defendant from charging rates in excess of those charged prior to June 28. On August 12, 1976, the transcript was filed with this court. We advanced this cause to August 23, 1976, for submission. On August 31, we reversed the order of the trial court and dissolved the injunction. We now announce the reasons for that decision. We dissolved the injunction on the ground that there is no evidence in the record to support the trial court's finding that the rates announced by defendant on June 28 were unreasonable.

■ The plaintiffs tendered three witnesses. The first, Mrs. C. J. Lee, testified that she was an unmetered customer served by defendant and that prior to June 28 she paid a flat rate of $12.50. According to a letter from defendant to this witness announcing new rates the flat rate would be $18.50; however, this letter also stated that meters would be installed at all locations "as soon as practical" and that the metered rate was $16 for the first 2,500 gallons of water used and $1.50 for each additional 1,000 gallons. The second witness, Mrs. Ella Mudd, a metered customer since 1971, testified that at the time of the hearing the minimum amount for a metered customer was $22.50. Apparently the witness did not realize that the rate schedule set forth a $6.50 credit. No testimony was elicited concerning the minimum amount charged prior to June 28. We conclude that this evidence failed to give the trial court a basis for determining whether the new rates were unreasonable.

■ The third witness, Mr. Jack Lester, president of the McBee Water Supply Corporation, testified that he thought that any rate over $8.75 for 2,000 gallons, which his company charged, would be unreasonable if the utility had a similar debt structure to McBee. He admitted, however, that his company qualified and obtained a loan through the Farm Home Administration for forty years at a rate of five and one-half

percent and that he had no knowledge of whether defendant was operating under a similarly long-term, low-interest rate loan. He also testified that, in order to determine a reasonable rate, it was necessary to consider operating expenses, debt service, reserves, and a fair rate of profit. He admitted that he had no knowledge of the defendant's expenses, debt service or return on invested capital but "assumed" that they were the same as McBee. There was no such evidence. We conclude that this testimony is not competent evidence of whether the rates charged by defendant after June 28 were unreasonable because his opinion was based upon an assumption rather than knowledge of facts necessary to make this determination. Consequently, this speculative testimony should have been excluded. *Calhoun v. United States Fire Insurance Co.,* 489 S.W.2d 359, 360 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

■ To be entitled to a temporary injunction a plaintiff must establish by competent evidence a probable right of recovery. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Therefore, a trial court abuses its discretion when it issues a writ when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. Here the question of whether plaintiffs established a probable right of recovery turns on the crucial question of whether the rates announced on June 28 were unreasonable. This determination cannot be made without evidence of the defendant's financial situation.

Plaintiffs argue that this case is controlled by the decision of the supreme court in *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526 (Tex.1975). We cannot agree because that case held that a court may determine whether rates were unreasonable absent a regulatory statute and had discretion, therefore, to maintain the status quo pending a final hearing. It did not hold that a trial court had discretion to grant an injunction in a utility rate dispute without hearing evidence to establish a probable right of recovery. Consequently,

we conclude that this case does not support plaintiff's position.

■ The order provides that the defendant may not charge rates in excess of those charged before June 28. Plaintiff's principal contention is that the new rates are unreasonable because of a significant increase over the prior rates. We cannot say that a flat rate increase from $12.50 to $18.50 was in itself sufficient to support a finding that the flat rate increase was unreasonable. Since there was no evidence of the increase for metered customers, the trial court had no basis for its order. This is particularly true here because there was no evidence of the total number of customers or of the number of flat rate and metered customers. A court may not establish a particular rate, but may only enjoin an unreasonable rate. *State v. Southwestern Bell Telephone Co., supra* at 533. The trial court here set the rates as they existed prior to June 28 despite a lack of evidence of those rates.

■ We do not hold that in such a case as this the trial court cannot grant injunctive relief pending final trial without full development of the facts necessary to establish with precision what rate of return the rates in question would produce on the fair value of the investment used in serving the public. We hold only that there must be some evidence supporting an inference that the rates to be restrained are unreasonable. We find no such evidence here.

Order reversed and temporary injunction dissolved.