James L. PERKINS, Appellant,

v.

William H. SPRINGSTUN, Appellee.

No. 12604.

Court of Civil Appeals of Texas,
Austin.

Oct. 5, 1977.

Rehearing Denied Nov. 9, 1977.

Barry K. Bishop, Clark, Thomas, Winters
& Shapiro, Austin, for appellant.

Ralph A. Rash, Kuhn, Collins & Rash,
Austin, for appellee.

SHANNON, Justice.

Appellee, William H. Springstun, sued appellant, James L. Perkins, in the district court of Williamson County seeking to establish a partnership interest in a business known as "James L. Perkins Explosives." After two separate trials, one involving a hearing before a jury and the other involving a hearing before the court, a judgment, which we regard as final, was entered on October 8, 1976. We will reverse the judgment and remand the entire cause to district court for trial.

After the proceeding tried to a jury, judgment was entered on November 14, 1975, decreeing that Springstun owned a one-half partnership interest in the explosives business. The judgment further provided that Perkins file a formal accounting

". . . within 60 days after the entry of this judgment, of all partnership assets, including those sold, conveyed or disposed of by said James L. Perkins."

Later, Springstun, under a different cause number, filed suit in the same court complaining that Perkins had refused to file the accounting. By way of relief, Springstun prayed that Perkins be enjoined from disposing of property of the explosives business and that a temporary receiver, and finally, a permanent receiver be appointed to take over the property and records of the explosives business.

Perkins filed a plea in abatement to the second suit alleging that the parties and causes of action were the same as in the first suit.

After hearing before the court, judgment was entered on October 8, 1976. By the entry of the judgment, the court implicitly overruled Perkins' plea in abatement. In the judgment the district court found that Springstun was entitled to a money judgment in the sum of $150,343.50[1] and for judgment of "one-half of the remaining assets of said partnership." The court further found that Perkins had acquired property with partnership funds, including twenty-six acres of land claimed by Perkins as his homestead. The judgment thereafter ordered that the partnership be dissolved; that Springstun recover against Perkins $150,343.50; that a "constructive trust and equitable lien" be impressed on all partnership assets and that Springstun have foreclosure of the lien; that the temporary receiver, theretofore appointed, be continued to liquidate the partnership assets and to pay Perkins one-half of the amounts realized after $150,343.50 had been paid to Springstun. The judgment provided further that should sale of the partnership assets realize less than $150,343.50, the receiver was directed to foreclose the lien and to sell the twenty-six acres to satisfy the said money judgment.

Springstun has filed a motion to dismiss the appeal for want of jurisdiction. He argues in the motion that the judgment of November 14, 1975, was not interlocutory and that because Perkins did not perfect an appeal from that judgment, he may not now have that judgment reviewed. To the contrary, Perkins urges that the judgment of November 14, 1975, was interlocutory and nonappealable until the same was, in effect, merged in the judgment of October 8, 1976.

■ To be final, a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). A judgment is interlocutory when it determines less than all issues as to all parties thereby leaving "something further to be determined and adjudicated by the court in disposing of the parties and their rights." The ultimate determination of whether a judgment is interlocutory depends upon whether the judgment leaves any issues remaining which require judicial examination or re-examination. *Campbell v. Campbell,* 550 S.W.2d 164 (Tex.Civ.App.1977, no writ).

■ The November 14, 1975 judgment established the existence of the partnership and ordered an accounting to be filed in the future. A division of the precise profits and assets necessarily had to occur in the future. Because the November 14, 1975 judgment only decided principles upon which the rights of the parties might be judicially determined in some future proceeding, the judgment was not final. *Leyhe v. McNamara,* 243 S.W. 1074 (Tex. 1922); *Bailey v. Shaw,* 26 S.W.2d 669 (Tex. Civ.App.1930, writ ref'd); *Culicchia v. Taormina,* 332 S.W.2d 803 (Tex.Civ.App.1960, writ ref'd n. r. e.); see 3 A.L.R.2d 342 (1949).

With respect to the merits of the appeal, we are of the opinion that the judgment against Perkins for the sum of $150,343.50 was supported by no evidence. Stated an-

---

1. This sum represented one-half of the profits earned by the partnership ($332,187.00) less that amount of profits drawn out by Springstun ($31,500.00).

other way, the court is barred by the rules of evidence from giving weight to the only evidence offered to prove up that sum. The only basis for the computation of $150,-343.50 was the accounting report and the opinion grounded upon that report by William M. Dumond, a certified public accountant, who did not participate in its preparation. Springstun did not offer the accounting report for the truth of the matters stated therein, but instead for a limited purpose. The offer of the accounting report and its admission into evidence is set out below:

"MR. KUHN: Your Honor, at this time, we would like to offer into evidence Plaintiff's Exhibit Number One, entitled Special Report and Accounting, Unaudited, of Assets and Liabilities of James L. Perkins, that has previously been filed in Cause No. 14,453. We would like to offer it into evidence in this cause number for the limited purpose of showing what James L. Perkins, through his accountant and with his affidavit has filed as being, as being his assets at this time. Well, as of the, whatever date it appears that is. April 9th, 1976.

"MR. BISHOP: I have no objection.

"THE COURT: Let the record reflect it is admitted for that purpose."

Springstun did not call the person who prepared the accounting report, and did not make any other character of effort to authenticate the report or to prove the accuracy of its contents. Under these circumstances, the accounting report was hearsay. It is settled in Texas that hearsay evidence, although admitted without objection, is without probative force. *Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533 (1912); *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959); *Knapik v. Edison Bros., Inc.,* 313 S.W.2d 335 (Tex.Civ. App.1958, writ ref'd).

Springstun thereafter called Dumond, the accountant. Dumond was permitted to testify, without objection, as to his conclusions grounded upon the accounting report. His testimony, in part, was as follows:

"Q All right, sir. Let me show you what has been marked as Plaintiff's Exhibit Number One and ask you whether or not you recognize that instrument.

"A I recognize it, Mr. Kuhn.

"Q All right, sir, and have you had occasion to familiarize yourself with that instrument?

"A Yes, sir, I have and I have discussed certain matters of it with Mr. Steve Pena, who I believe was very involved with the preparation of it.

"Q Can you tell me from this instrument what amounts of money that James Perkins took from the explosives business during the years covered by this accounting, which I believe is '68 through April of '76.

"A Yes, sir.

"Q What is that figure?

"A The answer to your question involves two items, really. The total numbers, according to my computation, is $332,187.70.

"Q Now, that is your conclusion based upon your examination of this report filed by Mr. Pena and introduced herein in Court as Plaintiff's Exhibit Number One, is that correct?

"A Yes, sir. It is.

"Q And that is the moneys that that report shows actually came into James Perkins' possession from the James Perkins Explosives Company?

"A Yes, sir."

One expert cannot base his opinion upon the hearsay opinions of other experts. *Muro v. Houston Fire & Casualty Insurance Co.,* 329 S.W.2d 326 (Tex.Civ.App. 1959, writ ref'd n. r. e.); cf. *Cornell v. American Indemnity Co.,* 275 S.W.2d 702 (Tex.Civ.App.1955, writ ref'd n. r. e.). Because Dumond's conclusions were grounded upon hearsay evidence, those conclusions likewise, lacked probative value. See *Reed v. Barlow,* 157 S.W.2d 933 (Tex.Civ.App. 1941, writ ref'd); *Calhoun v. United States Fire Insurance Co.,* 489 S.W.2d 359 (Tex. Civ.App.1973, writ ref'd n. r. e.). The fact

that these conclusions were admitted without objection added nothing to their probative value. *Casualty Underwriters v. Rhone,* 134 Tex. 50, 132 S.W.2d 97 (1939); *Sampson v. Apco Oil Corp.,* 476 S.W.2d 430 (Tex.Civ.App.1972, no writ).

In view of our disposition of the no evidence point, it is unnecessary to discuss Perkins' other points of error.

As there is error in the judgment, we will reverse the judgment, and in the interest of justice, remand the cause for new trial. Tex.R.Civ.P. 434.