**A.A. HULSEY d/b/a Rio Maverick Oil Company, Appellant,**

v.

**Robert E. KEEL, Appellee.**

**No. 04–84–00098–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 23, 1985.

Rehearing Denied Dec. 12, 1985.

R. Michael Nowlin, Thomas W. Craddock, Robert B. Krakow, Coke & Coke, Dallas, for appellant.

Royal D. Adams, Adams & Hunter, Richard C. Keene, San Antonio, John W. Petry, Carrizo Springs, for appellee.

Before ESQUIVEL, DIAL and STOREY *, JJ.

## OPINION

STOREY, Justice (Assigned).

The principal questions presented for decision by this appeal are, first, whether an earlier judgment entered in the case was a final judgment, and, second, whether the trial court erred in refusing to order a partition of a producing oil and gas lease. We will hold that the earlier judgment was a final, appealable judgment, and that the refusal to order partition was proper. Consequently, we will affirm.

The case experienced a lengthy career in the trial court. A period of about 14 years elapsed from the date of the original filing to the date of the judgment from which this appeal is taken. We will first review the case history along with the facts presented by a rather confusing record.

On August 6, 1970, Robert E. Keel sued A.A. Hulsey seeking a declaration that a joint venture agreement existing between them called for Keel's interest in an oil and gas lease to be a one-sixteenth (1/16) "free-carried interest into the tank" rather than a one-thirty-second (1/32) working interest as contended by Hulsey. Alternatively Keel sought to reform a written assignment of a one-thirty-second (1/32) working interest into a one-sixteenth (1/16) free-carried interest. He also sought specific performance of his version of the venture agreement. On March 24, 1975, Hulsey filed his first amended counter-claim in which he sought recovery against Keel for a proportionate share of drilling and completion costs. On the same date, March 24, 1975, the case proceeded to trial and on March 27, 1975, the jury returned its verdict which resolved all material issues in

favor of Keel. On March 29, 1976, the court signed and entered its judgment.

The court's judgment awarded Keel a one-sixteenth (1/16) free-carried interest, it ordered that the written assignment be reformed to reflect the one-sixteenth (1/16) free-carried interest, it ordered that Keel was to bear no part of the expense of drilling, completing and equipping but only a pro rata share of operating expenses after completion, and it ordered that Hulsey account to Keel for all production from the lease from October 1, 1968 to the date of judgment. The judgment continued:

It is further Ordered, Adjudged and Decreed by the Court that Plaintiff Robert E. Keel, do have and does hereby recover a judgment against the Defendant A.A. Hulsey individually and d/b/a Rio Maverick Oil Company for all unpaid monies from the sale of oil and/or gas from the leased premises in an amount equal to the share of the production herein awarded to Plaintiff, less a pro rata share of the expenses of operating any wells after production has been obtained from such wells, such production and expenses to be computed on a basis of being due one month after the accrual of each; and it is further ORDERED that Plaintiff do have and recover from Defendant interest at the legal rate on all monies determined to be due to Plaintiff from the date that the same became due until date of this judgment; it is further ORDERED that the entire judgment shall bear interest at the legal rate until paid; and it is further ORDERED that execution shall issue upon this judgment if not timely paid.

The judgment expressly denied all other relief sought by Keel and taxed costs against Hulsey. The court's judgment was titled "FINAL JUDGMENT."

On the date of judgment, March 29, 1976, the court by separate order granted Hulsey leave to file his first amended counter-claim, ordered severance of the counter-claim, realigned the parties and ordered the

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812 Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

counter-claim docketed for trial under a new cause number 4134–A styled *A.A. Hulsey v. Robert E. Keel.* Hulsey's appeal from the judgment of March 29, 1976 was dismissed for want of jurisdiction. *Hulsey v. Keel,* 541 S.W.2d 656 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

We observe that on March 29, 1976, the date of judgment and order of severance, there was nothing left for trial upon Hulsey's first amended counter-claim. As we have noted above, the only relief sought by Hulsey was recovery of Keel's proportionate share of drilling and completion costs. This issue became mooted by the award to Keel of a free-carried interest. Nevertheless, about one year later on February 25, 1977, Hulsey filed his third amended counter-claim in cause no. 4134–A in which he sought to relitigate the issues presented in the earlier trial and, additionally, to have the court order a partition by sale of the leasehold interests.

On January 4, 1984, following a bench trial held on June 20, 1983, the court entered its final judgment in cause no. 4134–A. This judgment denied Hulsey's prayer for partition and awarded Keel a money judgment against Hulsey for $31,958.79. The judgment did not address the issues presented in the earlier trial because the court concluded that the March 29, 1976, judgment was a final judgment.

It is from the January 4, 1984, judgment that this appeal is brought. Hulsey contends on appeal that the court erred:

(1) In awarding Keel a one-sixteenth (1/16) free-carried interest;

(2) In denying the right to partition;

(3) In awarding damages to Keel;

(4) In awarding prejudgment interest;

(5) In awarding post-judgment interest; and

(6) In awarding Keel interpleaded funds from past production.

It will be seen that points of error one, four, five and six attack issues which were litigated in the March 24, 1975, jury trial and resolved in the March 29, 1976, judgment; consequently, we will first consider whether that judgment was final or merely interlocutory.

In contending that the 1976 judgment was interlocutory Hulsey relies upon the well-settled rule that a judgment must dispose of all the issues so that no future action by the court will be necessary to settle and determine the entire controversy, citing *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956); *Hunt Oil Co. v. Moore,* 639 S.W.2d 459 (Tex.1982); *Wilcox v. St. Mary's University,* 501 S.W.2d 875 (Tex.1973) and *Perkins v. Springstun,* 557 S.W.2d 343 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). As we have noted above, the issues presented by the pleadings in the earlier trial were whether Keel's interest in the lease was a one-sixteenth (1/16) interest or a one-thirty-second (1/32) interest, whether it was a working interest or a free-carried interest, whether the written assignment should be reformed, whether Hulsey should be ordered to specifically perform, and whether Hulsey should recover drilling and completion costs.

The March 29, 1976, judgment awarded Keel a one-sixteenth (1/16) free-carried interest, it ordered that the written assignment be reformed to reflect the one-sixteenth (1/16) free-carried interest, that Keel was to bear no part of the expenses of drilling, completing or equipping but only a pro rata share of operating expenses after completion, and it ordered that Hulsey account to Keel for all production from the lease from October 1, 1968, to the date of judgment. It further ordered that Keel recover judgment from Hulsey for all unpaid monies from production plus interest less a pro rata share of operating expenses. The judgment expressly denied all other relief sought by Keel, taxed the costs against Hulsey and ordered execution. Of course, the award of the free-carried interest disposed of Hulsey's pending counter-claim for drilling and completion costs.

We conclude that the March 29, 1976, judgment was a final judgment. The authorities relied upon by Hulsey to the con-

trary are clearly distinguishable. The judgment in *Wagner v. Warnasch* merely imposed upon the parties the same obligation as did the earlier judgment. The judgment appealed from in *Wilcox v. St. Mary's University* clearly did not dispose of the ownership claims of intervening parties. The judgment appealed from in *Hunt Oil Co. v. Moore* did not resolve the prejudgment interest issue. The judgment appealed from in *Perkins v. Springstun* expressly reserved the accounting issue for further hearing.

We are persuaded that the March 29, 1976, judgment with respect to its finality is controlled by *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945 (1960) and *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969). Here the judgment set out with particularity the manner of accounting and the period to be covered by it. The oil runs during the accounting period were readily ascertainable. Indeed, as we shall observe later, the operator of the lease, Scurlock Oil Company, paid the proceeds of the oil runs into the registry of the court. There was nothing left of the issues before the court for *judicial examination*. *See Perkins v. Springstun*, 557 S.W.2d at 344.

Our holding with respect to the March 29, 1976, judgment disposes of Hulsey's points of error one, four, five and six in this appeal. We next consider the remaining points, namely, the right to partition and the award of damages which were addressed in the court's January 4, 1984, judgment.

Hulsey cites authorities for the well-settled rule that a joint owner may compel a partition of land or leasehold interest by other joint owners as a matter of right. We are persuaded, however, that this case presents an exception to the rule. Indeed, the earlier trial and judgment in this case may well have precluded consideration of this issue in the present appeal.

■ In the earlier case the jury found an express agreement existed between Keel and Hulsey for an assignable one-sixteenth (1/16) free-carried interest to the tanks, and the 1976 judgment followed this finding. Implicit in the finding and the judgment is the agreement between Hulsey and Keel that such interest would continue for the duration of the lease. There is no contention that the lease is fully developed. A partition therefore would deprive Keel and his assigns of their "free-carried" rights and at the same time relieve Hulsey and the other joint owners of their obligation to develop, and the expenses of drilling, completion and equipping. We hold that under the circumstances of this case, the trial court was not in error in denying partition of the lease. *See Elrod v. Foster*, 37 S.W.2d 339 (Tex.Civ.App.—Austin 1931, writ ref'd). *See also, Warner v. Winn*, 191 S.W.2d 747 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.).

■ In the 1984 judgment from which this appeal is taken the court also awarded Keel damages against Hulsey in the amount of $31,958.79. These damages are apparently those which were due Keel as a result of the accounting which the court ordered in its March 29, 1976, judgment but which had not been furnished at the time of the June 20, 1983, bench trial. There were no pleadings before the court at the bench trial with respect to the accounting and no prayer for damages. Nevertheless, the parties by consent presented testimony from their respective accountants. No complaint concerning the absence of pleadings or other procedural error is made on appeal. Nor does Hulsey complain that an award of damages was in fact made. He complains only that there was no evidence or insufficient evidence to support the amount of damages awarded.

As noted, at the 1983 trial the court heard testimony from the opposing accountants who testified from their respective summaries. The testimony of the accountants was equivocal and conflicting, and at the close of testimony the court instructed counsel to furnish "these figures

and I will make a ruling." Among the court's findings of fact is the following:

5. That the evidence shows that as of the time of trial there was due defendant [Keel] the sum of $31,958.79 after giving consideration to the following facts:

(a) The proportionate share of monies due from production;

(b) Reduction from the amount of production of the proportionate share of operating expenses due;

(c) The addition of interest at the legal rate of 6% as defined in the judgment in cause no. 4134;

(d) By allowing credit for all interest accrued while monies were on deposit with the district clerk in this cause.

8. That intervenor, Scurlock Oil Company, heretofore deposited with the district clerk of this Court monies attributable to the disputed interest after having received authority for such deposit by order of the court.

Hulsey does not attack any findings of fact nor does he point to any specific error which the court might have made in its computation. The court clearly followed the terms of its March 29, 1976, judgment in arriving at the amount of damages. Further, the court had in its registry the dollar amount of oil runs attributable to Keel's interest which had been paid into court by Scurlock Oil Company, the lease operator. We conclude that there was sufficient evidence before the court to support its finding of the amount of damages.

█ Keel complains by cross-point that the court erred in ordering him to pay one-half of the attorney's fees allowed the interpleader, Scurlock Oil Company. The allocation of these costs was largely within the discretion of the trial court, and we cannot say that the trial court abused its discretion in this regard. *See Barnett v. Woodland,* 310 S.W.2d 644, 647 (Tex.Civ. App.—Austin 1958, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.