Wayne **GREGORY** et al., Appellants,

v.

Gwen **SMITH** et al., Appellees.

No. 4420.

Court of Civil Appeals of Texas.

Waco.

Oct. 21, 1965.

Rehearing Denied Nov. 18, 1965.

H. M. McPherson, Cleburne, for appellants.

Robert M. Mahanay, Wm. R. Anderson, Jr., Cleburne, for appellees.

TIREY, Justice.

Plaintiffs brought this action against the defendants to set aside a deed conveying a life estate to Judge Penn J. Jackson and B. J. Jackson, and their grantees, for title and possession of Block 487, in Cleburne, Texas. The case was tried without the aid of a jury and in the judgment we find the following recitals:

"Julia Foster, the person who signed the deed from Julia Foster to Penn J. Jackson and B. J. Jackson, dated October 15, 1963, recorded in Volume 463, Page 429, of the Deed Records of of Johnson County, Texas, and Julia Foster, the person who signed the deed from Lula Mae Turner and Julia Foster to Wayne Gregory, dated November 1, 1963, recorded in Volume 464, Page 100, of the Deed Records of Johnson County, Texas, is one and the same person as Julia Foster Johnson, one of the plaintiffs herein, who appeared before the Court in person and by her attorney.

"The Court finds, orders and decrees that the deed from Julia Foster to Penn J. Jackson and B. J. Jackson was and is in fact and in law effective to transfer the life estate of Julia Foster or Julia Foster Johnson in and to all of Block 487 in Cleburne, Johnson County, Texas, as described in the said deed dated October 15, 1963, recorded in Volume 463, Page 429, of the Deed Records of said County.

"Afterward, the said Penn J. Jackson and B. J. Jackson conveyed the said life estate of the said Julia Foster or Julia Foster Johnson to Gwen Smith, the wife of Noel Smith, as her separate property by deed dated November 1, 1963, recorded in Volume 463, Page 678, of the Deed Records of Johnson County, Texas.

"The Court finds, orders and decrees that the property known as Block 487, according to the official map of the City of Cleburne, Johnson County, Texas, was the homestead of George Foster at the time of his death and, therefore, was not subject and is not subject to sale for the purpose of paying debts of the said George Foster, including taxes or for any purpose through administration or by the Independent Executrix named in the Will of the said George Foster. Therefore, the deed from Lula Mae Turner, as Independent Executrix, and Julia Foster to Wayne Gregory purporting to convey the said block 487 in the City of Cleburne had and has no effect to transfer the title to said property or any interest therein.

"Title and possession of the life estate of Julia Foster or Julia Foster Johnson in and to all of Block 487, according to the official Map of the City of Cleburne, Johnson County, Texas, are hereby awarded to Gwen Smith, the wife of Noel Smith, as her sole and separate property.

"The remainder interests of the defendants Michael James Bell and Calvin Polk are not affected but remain intact vested in them and they shall be entitled to possession upon the death of Julia Foster or Julia Foster Johnson."

And the Court so decreed and taxed all costs against the plaintiffs and ordered the writ of possession issue.

Appellants' Point 1 is that the Court erred:

" * * * in deciding in this case that Johnson County, Texas, was the homestead of George Foster at the time of his death, because the Probate Court of Dallas County, Texas, had decided four years earlier, in the year 1961, that Dallas County was his home and domicile and fixed place of residence at the time of his death."

■ Appellants did not plead res judicata as a defense and the question is raised for the first time on appeal. Therefore, Point 1 is overruled under the authority of Rule 94, Texas Rules of Civil Procedure.

Point 2 is:

" * * * in deciding in this case that the Independent Executrix under the Will of George H. Foster, deceased, could not sell the property in question for the taxes due against said property."

■ It is true that there is a recital in the judgment to the effect that since the property in question was the homestead of George Foster at the time of his death, "therefore, was not subject and is not subject to sale for the purpose of paying debts of the said George Foster including taxes * * *." The provision with reference to "including taxes" is surplusage and does not affect the decree. Accordingly, point 2 is overruled. See Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, point p. 638, and also Land v. Turner, Tex.Civ.App., 377 S.W.2d 181, Sup.Ct. point 1.

■ We have read the statement of facts and we think the evidence tendered is ample to support the judgment of the Trial Court.

Accordingly, the judgment of the Trial Court is affirmed.