LUBBOCK RADIO PAGING SERVICE, INC. et al., Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY et al., Appellees.

No. 8474.

Court of Civil Appeals of Texas, Beaumont.

Oct. 2, 1980.

Rehearing Denied Oct. 30, 1980.

James K. Presnal, Austin, for appellants.

James L. Wurtz, Dallas, J. Scott Wilson, Austin, for appellees.

KEITH, Justice.

This is a consolidated appeal from separate judgments of the District Court of Travis County sustaining orders of the Public Utility Commission ("PUC") granting certificates of public convenience and necessity to Southwestern Bell Telephone Company ("Bell") authorizing the operation of a radio–paging service in five regions of the State. We affirm.

Bell filed five separate applications to furnish different areas[1] in the State with such service. Other entities were then providing similar, but not identical, service to that proposed by Bell for each region. Each competing entity then became an intervenor/protestant in contesting Bell's application before PUC, and each is now an appellant in this cause.

Bell's applications were all filed under the provisions of *Sec. 54(b)* of the Public Utility Regulatory Act (*"PURA"*), *Tex.Rev. Civ.Stat.Ann. art. 1446c (1980)*. Bell submitted evidence in each case relating to the technical aspects of its paging system, the projected costs thereof, the capabilities of its proposed system, etc., and appellants do not complain of any aspect of this presentation.

The basic complaint on appeal is directed at the evidence of Bell relating to the need for additional service in the several areas covered by its applications. Mary Jane Peters, the founder of Peters Marketing Research, Inc., a professional researcher with twelve years' experience, testified on behalf of Bell's applications. She had been commissioned by Bell to conduct studies designed to support the applications by demonstrating the need of such service in the several areas.

Peters testified in detail concerning her qualifications to express her opinions and also filed a document entitled "Prepared Direct Testimony and Supporting Exhibit".

The contestants exercised their right to cross–examine the witness as to her prepared testimony as well as that given in person, making many objections as to its hearsay nature, its remoteness in time, and the methodology used by the witness. All such objections were overruled and the testimony was accepted.

The thrust of the argument under the first point is that the trial court "erred in ruling that the Peters Survey ... was admissable [sic] evidence." One of the complaints is that Peters relied to some extent upon an opinion of Dr. Frances J. Connelly as to the size of the sample of individuals to be contacted in each survey. Peters testified at the hearing that her employer desired a ninety–five percent reliability factor in each survey and she sought the advice of Connelly to buttress her own determination of size.

The Peters survey was also attacked as being too remote, it having been conducted in 1975 in four of the five cases while the hearings were held in 1977.

■ Appellants' reliance upon *Perkins v. Springstun*, 557 S.W.2d 343, 345 (Tex.Civ. App.–Austin 1977, writ ref'd n.r.e.), is misplaced. In *Perkins*, the oral testimony of one accountant was based *solely* upon a statement of assets prepared by another accountant who was not available to testify

---

1. The several orders were entered in the following PUC dockets:

Docket No. 138 – Lubbock County
Docket No. 139 – McLennan County
Docket No. 73 – Nueces County
Docket No. 466 – Jones, Taylor, and Callahan Counties
Docket No. 74 – Travis County.

and whose source of information was not apparent. Thus the opponent had no opportunity to cross–examine concerning the reliability of the facts upon which the witness' testimony was predicated. By contrast in the present case, the basic data relied upon by Ms. Peters in her testimony was the information obtained in the survey conducted under her direction. Dr. Connelly's testimony would have had no bearing upon that evidence. His testimony would have been material only insofar as it went to the size of the sample, not the results of the survey.

Further, the facts of the cases at bar are more closely parallel to those of *Cornell v. American Indemnity Co.*, 275 S.W.2d 702 (Tex.Civ.App.–Galveston 1955, writ ref'd n.r.e.), in which the evidence was held admissible, than to those of *Muro v. Houston Fire and Casualty Insurance Co.*, 329 S.W.2d 326 (Tex.Civ.App.–San Antonio 1959, writ ref'd n.r.e.), relied upon by the *Perkins* court.

The hearsay rule is applied in the same manner in proceedings before an administrative agency as in trials before a court. *Lewis v. Southmore Savings Association*, 480 S.W.2d 180 (Tex.1972); *Wilson v. Board of Education of Fort Worth Independent School District*, 511 S.W.2d 551, 553 (Tex.Civ.App.–Fort Worth 1974, writ ref'd n.r.e.).[2]

The leading Texas case on the admissibility under the hearsay rule of survey results is *Texas Aeronautics Comm'n v. Braniff Airways, Inc.*, 454 S.W.2d 199 (Tex.1970). The survey in *Braniff* consisted of a poll directed by a Mr. Bowles, in which five hundred air travelers at airports in three cities were asked to state their opinion as to whether existing airline service was "excellent", "good" or "not so good" (454 S.W.2d at 203–204). The Court held that the survey was admissible, declining to rule whether the evidence constituted hearsay within the state of mind exception of the hearsay

rule, or nonhearsay. See, generally, Zeisel, "The Uniqueness of Survey Evidence", *45 Cornell L.Q. 322 (1960)*; Note, *66 Harvard L. Rev. 498 (1953)*; Annot., Admissibility and weight of surveys or polls of public or consumers' opinion, recognition, preference, or the like, *76 A.L.R.2d 619 (1961)*. However, the court predicted its holding upon a showing that Bowles had testified before the Commission, giving the opposing carriers "full opportunity to investigate and develop any particular objections they might have as to the methodology and execution of the poll." (454 S.W.2d at 203)

In the cases at bar, appellants were given at each hearing a full and complete opportunity to cross–examine Peters. Thus the requirements of *Braniff* were met and the survey as a whole may not be excluded on hearsay grounds. Contrary to the allegations of appellants' brief, the survey was not based entirely upon the sample size determined by Dr. Connelly, nor did the information obtained from each respondent in the survey depend upon the total number of persons interviewed. Objections to the determination of the sample size go to the weight and not the admissibility of the survey.

In challenging the competency of the survey evidence, appellants are confronted with the rule enunciated in *Slaughter v. Abilene State School*, 561 S.W.2d 789, 791 (Tex.1977):

"Texas courts have followed the general rule that where it appears a witness' testimony is predicated both upon personal knowledge and upon hearsay, his testimony is admissible."

See also, *Miles v. Royal Indemnity Co.*, 589 S.W.2d 725, 733 (Tex.Civ.App.–Corpus Christi 1979, writ ref'd n.r.e.).

Many cases on the general subject are cited by the author in *2 Texas Practice, Law of Evidence § 1404, at 41–44 (Ray, 3rd Ed.1980)*. Justice McGee, in *Lewis v.*

---

**2.** In view of our holding that the alleged hearsay evidence is admissible even under the hearsay rule as applied in a trial before a court, it is unnecessary to consider the impact of the Administrative Procedure and Texas Register Act, Art. 6252–13a, § 14(a) (Supp.1980), upon the opinions cited or upon the present case.

*Southmore Savings Assoc.*, 480 S.W.2d 180, 186–187 (Tex.1972), considered the question in detail.

■ We say, just as was said in *Lewis*, supra, "the Commissioner properly considered the supportive testimony in testing the weight and credibility of the expert opinion." (480 S.W.2d at 187) See also, *Wilson v. Board of Education, etc.*, supra (511 S.W.2d at 556).

■ Making full application of the rules enunciated above, as well as those set out in *Braniff*, supra, the implied findings and determinations of the administrative agency will not be disturbed on appeal. Indeed, we approve of the trial court's disposition of the complaints contained in the first point of error,[3] and now overrule such point.

■ In view of our holding that the Peters survey was properly admitted, we now hold that the orders of the Commission and the judgments of the trial court are reasonably supported by substantial evidence and will not be overturned on appeal. *Texas Real Estate Comm'n v. Howard*, 538 S.W.2d 429, 435 (Tex.Civ.App.–Houston [1st Dist.] 1976, writ ref'd n.r.e.); *Railroad Comm'n v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022, 1029–1030 (1942); *Lewis v. Metropolitan Savings & Loan Ass'n*, 550 S.W.2d 11 (Tex. 1977); *Purolator Courier Corp. v. Railroad Comm'n*, supra (548 S.W.2d at 490).

Appellants further contend in their remaining points of error that fundamental error occurred in the failure of the Commission and the trial court to determine their claims that the *PURA* was applied by the Commission in violation of the due process and equal protection clauses of the Texas and United States Constitutions.

■ We readily agree that the doctrine of fundamental error may be invoked at any stage in judicial proceedings; yet it is not a favorite of the appellate courts. See, e.g., *McCauley v. Consolidated Underwriters*, 157 Tex. 475 304 S.W.2d 265 (1957); *Newman v. King*, 433 S.W.2d 420 (Tex. 1968); *State v. Sunland Supply Co., Inc.*, 404 S.W.2d 316 (Tex.1966).

■ The response of appellees is correct in contending that appellants waived such alleged errors by failing to include them in the motion for rehearing filed before the Commission as required by the Administrative Procedure and Texas Register Act, *Tex.Rev.Civ.Stat.Ann.* art. *6252–13a*, § *16(b)* (Supp.1980). The filing of such motion for rehearing is a jurisdictional prerequisite for an administrative appeal. *Vandergriff v. First Federal Savings & Loan Ass'n*, 586 S.W.2d 841 (Tex.1979).

Appellant cites us to no case, and we know of none, holding that a claim of unconstitutional *application* of an admittedly valid statute may be considered under the fundamental error rule. The courts view the field of fundamental error as a narrow one, generally limiting it to matters of jurisdiction[4] and cases "directly and adversely affecting the public", *Sunland Supply*, supra (404 S.W.2d at 319). See also, *McCauley*, supra; *Newman v. King*, supra; and *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947).

■ We can find no support for the application of the fundamental error doctrine under the facts of the cases at bar. Appellants do not pretend that their right to a full and fair hearing was abridged and cite no authority supporting their claim of right under the due process clause to detailed findings of fact in support of the Commission's orders. See *Imperial American Resources Fund, Inc. v. Railroad Comm'n of Texas*, 557 S.W.2d 280 (Tex.

---

3. Conclusion of Law No. 8: "The age of the 'Peters Survey' and the other deficiencies asserted by plaintiffs in objecting to that survey did not render it inadmissible, and it should be assumed that the agency fact finders considered those alleged deficiencies in determining the weight to be accorded that survey."

4. In *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946); *Cline v. Niblo*, 117 Tex. 474, 8 S.W.2d 633 (1928); and *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920), cited by appellant, our Supreme Court declared void orders entered without jurisdiction in the adjudicating body below. No allegation of want of jurisdiction is made in the present cases.

1977); *Texas Power & Light Co. v. City of Garland*, 431 S.W.2d 511 (Tex.1968). Further, a governmental body may apply different standards to different classes of persons, as long as its action is otherwise constitutional, without violating the provisions of the state or federal constitutions. *West v. City of Waco*, 275 S.W. 282 (Tex.Civ. App.–Waco 1925), aff'd, 116 Tex. 472, 294 S.W. 832 (1927). We do not find any violation of the due process or equal protection clause of either the Texas or United States Constitution and, therefore, no adverse effect upon the public interest justifying application of the fundamental error rule. The judgment of the trial court is now affirmed.

AFFIRMED.