Adela ALEGRIA d/b/a "Alegria's Place", Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. C14–86–789–CV.

Court of Appeals of Texas, Houston, (14th Dist.).

May 28, 1987.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment denying Appellant's application for renewal of a beer and wine retailer's permit.

On March 14, 1986, Appellant applied to Appellee, the Texas Alcoholic Beverage Commission, for renewal of her permit to sell beer and wine on the premises known as "Alegria's Place". The application was protested and an administrative hearing was conducted by the Honorable Jon Lindsay, a Harris County Judge appointed to hear and render a decision on Appellant's application. Judge Lindsay entered an order denying the renewal permit. After her motion for rehearing was denied, Appellant appealed to the district court. The district court entered judgment affirming the administrative decision of the County Judge. We affirm.

Appellant asserts five points of error. In her first point of error, Appellant contends that the order issued by the County Judge is invalid on its face because it fails to specifically identify the renewal application and previous permit. Appellant also maintains that the order is invalid because it refers to an application for a late hours license renewal and contends she made no such application.

The County Judge's order bears the docket number 67,009 and reads in pertinent part:

> On the 5th day of June, 1986, came on to be heard the application of Adela Alegria for renewal of a Beer and Wine Retailer's Permit and a Retail Dealer's On-Premise Late Hours License for "Alegria's Place" located at 2406 Canal Street, Houston, Texas.
>
> . . . . .
>
> It is therefore ORDERED, ADJUDGED AND DECREED by the County Judge of Harris County that the aforementioned application of Adela Alegria d/b/a "Alegria's Place" for a Renewal of a Wine and Beer Retail Dealer's Permit and a Retail Dealer's On-Premise Late Hours License is DENIED because lawful reasons exist to warrant the denial. . . .

Appellant contends that this language is not sufficiently definite and certain to identify and protect her rights. She contends the specific permit number should have been mentioned in the judgment.

■ A judgment must be sufficiently definite and certain to define and protect the rights of all litigants or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1986). We find the order of the County Judge contains the necessary information to identify and protect Appellant's rights and to allow proper enforcement of the decision.

■ A retail seller of alcoholic beverages may hold only one permit for each location at which alcoholic beverages are sold. Tex. Alco.Bev.Code Ann. §§ 11.02, 11.04 (Vernon 1978). A late hours license may be attached to this permit; however, a late hours license may not be held independent of the underlying permit. Tex.Alco.Bev. Code Ann. §§ 11.01, 61.01, 70.01, 105.04, 105.05 (Vernon 1978). A permit may only be used at the location for which it was issued and only by the person to whom it was issued. Tex.Alco.Bev.Code Ann. §§ 11.03, 11.05, 11.06, 61.02(a), 61.04, 61.06 (Vernon 1978). Further, only one person at a single location may be issued a permit. Tex.Alco.Bev.Code Ann. § 61.41 (Vernon 1978).

The record before us shows that Appellant made only one renewal application for one beer and wine retailer's permit. The date of the hearing on the application, the docket number, the applicant's name, the type of permit sought and the address for which the permit was requested were all included in the order. Since permits are issued by location, and the name and address of the applicant were included in the order, we find the order contained all the information necessary to properly identify the permit for which renewal was requested. The failure to also include the application number does not render the order invalid.

Appellant also contends that the order is void because it incorrectly recites that her application for a late hours license was denied. Appellant argues that since she did not apply for such a license the recital

renders the order indefinite and incapable of enforcement without ascertainment of facts not stated in the order.

■■■ As previously noted, a late hours license cannot be issued independently, it must be accompanied by a beer and wine permit. Therefore, the erroneous denial of the late hours permit has no effect on Appellant's rights nor does it make enforcement of the order uncertain because her beer and wine permit was also denied. Further, language in a judgment which is in conflict with the laws of the State is considered surplusage. *State v. Starley,* 413 S.W.2d 451, 466 (Tex.Civ.App.—Corpus Christi 1967, no writ). Surplusage does not affect the validity of a judgment. *Gregory v. Smith,* 395 S.W.2d 921, 922 (Tex.Civ. App.—Waco 1965, writ ref'd n.r.e.). We find the recital of a denial of a late hours license did not affect the validity of the order. Point of error one is overruled.

In point of error two, Appellant complains that the district court substituted its own judgment for that of the County Judge where it included in its judgment the permit application number and a finding that Appellant did not apply for a renewal of a late hours license.

■■■ An appeal from a County Judge's denial of an alcoholic beverage permit is governed by both the Texas Alcoholic Beverage Code and the Administrative Procedure and Texas Register Act. *Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985). Article 6252–13a, § 19 of the Administrative Procedure and Texas Register Act provides in pertinent part:

(e) The scope of judicial review of agency decisions is as provided by the law under which review is sought ... Where the law authorizes review under the substantial evidence rule ... the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced....

Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Vernon Supp.1987). The county judge acts in an administrative rather than judicial capacity in reviewing applications for beer and wine licenses. *Lindsay v. Sterling,* 690 S.W.2d at 562.

■■■ Appellant has misconstrued the meaning of "judgment" as employed in Article 6252–13a. "Judgment" in Article 6252–13a refers to substantive factual determinations by the agency regarding whether a decision is sufficiently supported by the evidence. *See Texas Health Facilities Com'n v. Charter Medical-Dallas, Inc.,* 665 S.W.2d 446, 452–453 (Tex.1984); *see also Murphy v. Rowland,* 609 S.W.2d 292, 297 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). It does not encompass technical corrections of the order issued by the County Judge. The district court had the record of the administrative hearing before it and was entitled to provide the permit application number in its judgment and to find from its examination of that record that there was no late hours license application. Substantial rights of Appellant have not been prejudiced. The district court's action did not constitute a substitution of its judgment for that of the County Judge. Point of error two is overruled.

■■■ Appellant asserts in her fourth point of error that the record does not reflect that any of the witnesses were sworn prior to giving testimony at the hearing. Appellant did not raise this issue in her motion for rehearing. She alleged in her motion only that there was not substantial evidence to support the County Judge's findings. Section 16(e) of Article 6252–13a provides that "[A] motion for rehearing [before the administrative agency] is a prerequisite to an appeal." Tex.Rev. Civ.Stat.Ann. art. 6252–13a, § 16(e) (Vernon Supp.1987). The purpose of this provision is to allow the agency to correct its own errors or prepare to defend them. *Suburban Utility Corp. v. Public Utility Com'n of Texas,* 652 S.W.2d 358, 365 (Tex. 1983); *United Savings Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163, 170 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.).

Therefore, where an alleged error is not specifically asserted in the applicant's motion for rehearing, the point of error is waived and nothing is presented for subsequent appeal. *Lubbock Radio Paging Service v. Southwestern Bell Telephone Co.*, 607 S.W.2d 29, 33 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

■ Even if this point of error had been properly preserved, the record does not support Appellant's contentions. The record reflects that the County Judge had the bailiff swear in all of the prospective witnesses as a group before any testimony was received. When one witness arrived late, he was separately sworn. The order denying Appellant's application specifically states that all the witnesses were sworn prior to giving testimony and the district court entered a finding of fact that the witnesses were sworn prior to testifying. Appellant has brought forth no evidence that any unsworn testimony was received. Point of error four is overruled.

■ In point of error five, Appellant contends that the exhibits introduced at the administrative hearing were never identified by any witness, were not shown to be relevant and were not admitted into evidence by the County Judge.

The record shows that the exhibits were marked for identification, presented to the judge at the hearing for his consideration, and were treated by all parties as having been admitted into evidence. Appellant made no objection at the hearing to the testimony or the exhibits. Further, the district court found that the exhibits were introduced into evidence. The record supports this finding. Appellant failed to raise this issue in her motion for rehearing and has waived any error. *Lubbock Radio Paging Service v. Southwestern Bell Telephone Co.*, 607 S.W.2d at 33; *United Savings Ass'n of Texas v. Vandygriff*, 594 S.W.2d at 170. Point of error five is overruled.

■ In her third point of error, Appellant asserts that the denial of her beer and wine retailer's application was error because there was no substantial evidence to support the decision. Appellant also apparently asserts that the County Judge did not file findings of fact that were in conformity with Article 6252–13a, § 16(b) of the Administrative Procedure and Texas Register Act.

Article 6252–13a, § 16(b) requires that: A final decision must include findings of fact and conclusions of law, separately stated. Findings of fact, *if set forth in statutory language,* must be accompanied by a concise and explicit statement of the underlying facts supporting the findings. (Emphasis ours).

Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b) (Vernon Supp.1987). Our review of the County Judge's findings of fact reveals that they were, with only one exception, *not* set forth in statutory language. Section 16(b) requires an accompanying statement of underlying facts only when the ultimate fact-finding embodies a mandatory fact-finding set forth in the relevant enabling act. *Texas Health Facilities Com'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d at 451. Further, these non-statutory findings are factual in nature and provide supporting underlying facts for the judge's statutory finding that, "The above-cited activities include violations of the laws of the State of Texas, are a threat to the property near the premises and are a threat to the health, welfare, peace and sense of decency of the persons residing or working in the area." We hold that the findings of fact filed by the County Judge conformed in all respects with applicable requirements of Article 6252–13a, § 16(b).

On the issue of whether there is substantial evidence to support the denial of Appellant's application, the finding of the administrative tribunal or agency will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the administrative court or agency reached. *Texas Health Facilities Com'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d at 453; *Helms v. Texas Alcoholic Beverage Com'n*, 700 S.W.2d 607, 610 (Tex.App.—Corpus Christi 1985, no writ). The test is not whether the agency reached the correct conclusion, but whether some

reasonable basis exists in the record for the action taken by the agency. *Texas Health Facilities Com'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d at 452.

The application was denied because the court found that: (1) Appellant would conduct her business in a manner that would be likely to result in jeopardy to the general welfare, health, peace, morals, safety and sense of decency of the public; (2) Appellant does not have an adequate building and on-site parking facilities available at the address for which the permit was sought; and (3) the premises had been used, operated and frequented in the six months immediately preceding the application in a manner contrary to the provisions of the Texas Alcoholic Beverage Code.

The evidence shows that Appellant's business is located in a residential area and its constant, loud noise disturbed nearby residents. There are a number of residences located on the same block as the business. A church and parochial school are located approximately a block away. Police received a number of late night noise complaints from the priests who reside at the church rectory. Activities for teenagers are regularly held at the community center located adjacent to Appellant's business. Intoxicated persons from Appellant's premises had on several occasions caused disturbances at the center. These persons on several occasions attempted to enter the center while teenage dances were in progress. The community center also operates a Head Start and a day care program. Appellant's business is also within a block of an elementary school whose playground is directly across the street from Alegria's. Many children live in the immediate neighborhood and pass Appellant's business at various hours of the day and evening on their way to school or the playground. A number of witnesses expressed concern for the safety of the children using these facilities. Appellant's patrons park in the street and alleys around her business and cause traffic congestion and create a hazard for the public. The police reports indicate they have been called to Appellant's premises for loud music and noise disturbances, fights, possession of weapons and aggravated assault, theft, burglary, criminal mischief, DWI, solicitation of prostitution and attempted rape, including attempted rape of a juvenile. In December, 1985, Appellant was issued a warning citation for violations of the Alcoholic Beverage Code. The citation was for allowing intoxicated persons to remain on the premises. On a previous occasion the business was closed for four days for this same violation and for having unauthorized beverages on the premises. There was also substantial testimony that the manner of operation of Appellant's business had an adverse effect on the revitalization of the area. Mr. Jim Fonteno, a Harris County Commissioner, wrote a letter to the county judge recommending that Appellant's application be denied because "many senior citizens and children live in this area, and it is not an environment conducive to a peaceful surrounding for these people."

Considering the entire record we cannot say that reasonable minds could not have reached the conclusion that the County Judge reached in denying Appellant's application for renewal of her permit. There is substantial evidence in the record to support the denial. Point of error three is overruled.

Accordingly, the judgment of the court below is affirmed.