**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**MINI, INC., Appellee.**

**No. B14–91–00896–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 4, 1992.

Rehearing Denied July 16, 1992.

Jo Anne Bernal, Austin, for appellant.

George M. Karam, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order of the district court which reversed the decision of the Texas Alcoholic Beverage Commission (TABC) cancelling appellee's permit to sell alcoholic beverages. We reverse the judgment of the district court and render judgment that the order of the TABC be reinstated.

Appellee holds a mixed beverage permit, a mixed beverage late hours permit, and a beverage cartage permit issued by the TABC which allow appellee to sell alcoholic beverages at a sexually oriented business known as Porky's Cabaret in Galveston County. TEX.ALCO.BEV.CODE ANN. §§ 28.01, 29.01, 44.01 (Vernon 1978). On August 23, 1990, appellee received a notice of hearing from the TABC alleging twenty-one violations of the Texas Alcoholic Beverage Code. TEX.ALCO.BEV.CODE ANN. §§ 11.62, 11.63.

A two-day show-cause hearing was held in October 1990. That administrative hearing was resumed on January 23, 1991. On April 16, 1991, the hearing examiner issued his proposal for decision which included detailed findings of fact and conclusions of law. In his proposal for decision, the hearing examiner found eight violations of the Texas Alcoholic Beverage Code and recommended "that the permits of [appellee] be suspended for a period of sixty days unless [appellee] pays a civil penalty of $9,000.00 prior to the imposition of the suspension."

TEX.ALCO.BEV.CODE ANN. §§ 11.61, 11.64, 104.01 (Vernon 1978 & Supp.1992).

The TABC filed exceptions to the hearing examiner's proposal for decision to the extent that it did not recommend cancellation of appellee's permits. Appellee filed a reply to the TABC's exceptions. In June 1990, an assistant administrator for the TABC issued an order and an amended order cancelling appellee's permits. Those orders contained detailed findings of fact and conclusions of law. After its motion for rehearing was overruled, appellee appealed the order of the TABC to the district court. TEX.ALCO.BEV.CODE ANN. § 11.67. The district court rendered judgment reversing the TABC order "for lack of substantial evidence." The TABC brings this appeal from the district court's judgment.

In its sole point of error, the TABC contends that "the district court erred in reversing the decision of the TABC and holding that the order cancelling appellee's permits was not supported by substantial evidence."

Section 19(e) of the Administrative Procedure and Texas Register Act (APTRA) states that "the scope of judicial review of agency decisions is as provided by the law under which review is sought." TEX.REV. CIV.STAT.ANN. art. 6252–13a, sec. 19(e) (Vernon Pamph.1992). Section 11.67(a) of the Texas Alcoholic Beverage Code provides that "an appeal from an order of the commission or administrator ... cancelling ... a permit may be taken to the district court ..." and "the appeal shall be under the substantial evidence rule."

 In its final judgment, the district court did not elaborate on how the TABC's order was unsupported by substantial evidence. A reviewing court is authorized to test an agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984) (citing TEX.REV.CIV.STAT. ANN. art. 6252–13a, sec. 19(e)(5)). The re-

viewing court may not invade the fact-finding authority of the agency and set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency. *Firemen's and Policemen's Civil Service Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984); *Wishnow v. Texas Alcoholic Beverage Comm'n,* 757 S.W.2d 404, 409 (Tex. App.—Houston [14th Dist.] 1988, writ denied); TEX.REV.CIV.STAT.ANN. art. 6252–13a, sec. 19(e). Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. *Id.; see Lewis v. Metro. Sav. & Loan,* 550 S.W.2d 11, 13 (Tex.1977).

■ The test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Charter Medical,* 665 S.W.2d at 452. An agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *Id.* The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.* To sustain that burden, the contestant must show that no substantial evidence existed at the time of the hearing to support the order. *Wishnow,* 757 S.W.2d at 409. Appellee failed to carry its burden in the district court. A review of the record reflects that the TABC order is supported by substantial evidence.

Appellee does not dispute the TABC's contention that the assistant administrator's order is supported by substantial evidence. Rather, appellee defends the district court's judgment by contending only that the TABC's treatment of appellee during the administrative process prejudiced appellee's substantial rights. TEX.REV.CIV. STAT.ANN. art. 6252–13a, sec. 19(e)(1)–(6); *see Charter Medical,* 665 S.W.2d at 454 (agency action may be supported by substantial evidence but nonetheless be arbitrary and capricious).

■ Appellee focuses its claims on the breach of the peace violation found by the assistant administrator pursuant to section 28.11 of the Texas Alcoholic Beverage Code. Appellee asserts that section 28.11 violates due process because it is so vague that persons of common intelligence cannot be sure of what is required; that is, there is substantial risk of miscalculation by those whose acts are subject to regulation. *Texas Liquor Control Board v. Attic Club Inc.,* 457 S.W.2d 41, 45 (Tex.1970), *dism'd,* 400 U.S. 986, 91 S.Ct. 459, 27 L.Ed.2d 435 (1971); *Lloyd A. Fry Roofing Co. v. State,* 541 S.W.2d 639, 642 (Tex.App.—Dallas 1976, writ ref'd n.r.e.). Section 28.11 authorizes the TABC to suspend or cancel a mixed beverage permit if it finds that a breach of the peace:

 (1) has occurred on the licensed premises or on premises under the control of the permittee;

 (2) was not beyond the control of the permittee; and,

 (3) resulted from his improper supervision of persons permitted to be on the licensed premises or on premises under his control.

We do not find the language of the statute vague. Appellee was on notice to supervise its employees and control its customers to prevent disturbances. Appellee points out that the TABC added another requirement to section 28.11 by alleging in its notice of hearing that appellee failed to take affirmative action to stop the breach of the peace. Such a requirement, however, does not make the statute vague. Appellee maintains that the requirement imposed a duty on appellee that is not mandated by the statute. While that may be true, it also imposed an additional burden on the TABC in proving its case and was not the sole basis for the assistant administrator's decision. *See Public Utilities Comm'n v. South Plains Electric, Coop., Inc.,* 635 S.W.2d 954, 956–57 (Tex. App.—Austin 1982, writ ref'd n.r.e.). The evidence presented at the administrative hearing supports the assistant administra-

tor's finding that appellee violated section 28.11.

■ Appellee also asserts that the notice of hearing violates due process because it is too vague and uncertain to give proper notice of allegations regarding the breach of the peace. Appellee's exceptions to the notice of hearing were overruled by the hearing examiner. Section 13(b) of the APTRA provides that a notice of hearing must include:

(1) a statement of time, place, and nature of the hearing;

(2) a statement of the legal authority and jurisdiction under which the hearing is to be held;

(3) a reference to the particular sections of the statutes and rules involved; and

(4) a short and plain statement of the matters asserted.

Appellee emphasizes that the notice of hearing does not identify the person who should have been supervised or in what manner the person should have been supervised. The notice of hearing specifies the date of the assault and the names of the assailants and tracks the language of section 28.11. All that is required is "a short and plain statement of the matters asserted." The notice of hearing complies with section 13(b) in all respects. We find that appellee had notice of the facts and law that controlled the TABC's disposition of the case in accordance with the requirements of due process. *See Texas State Board of Pharmacy v. Seely,* 764 S.W.2d 806, 814–815 (Tex.App.—Austin 1988, writ denied).

In his final amended order, the assistant administrator of the TABC found eight violations of the Texas Alcoholic Beverage Code committed by employees of appellee on appellee's licensed premises. These violations included a breach of the peace (section 28.11), service of alcohol to intoxicated customers (section 11.61(b)(14)), intoxication on the job (section 11.61(b)(13)), solicitation of alcohol for employee consumption (section 104.01(4)), possession and delivery of cocaine (104.01(9)), and acts of public lewdness (sections 11.61(b)(7)). Thus, even if cancellation of appellee's permits was impermissible under section 28.11, the assistant administrator found seven other violations of the Alcoholic Beverage Code, any one of which was sufficient to warrant cancellation of appellee's permits. TEX. ALCO.BEV.CODE ANN. §§ 11.61, 104.01.

Appellee further asserts that the assistant administrator's findings of fact do not comply with section 16(b) of the APTRA. Section 16(b) states in pertinent part that:

A final decision must include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

■ Section 16(b) requires an accompanying statement of underlying facts only when the ultimate fact-finding embodies statutory language. *Charter Medical,* 665 S.W.2d at 451. Conversely, findings that do not embody statutory language do not need an accompanying statement of underlying facts to support them. *Id.; Alegria v. Texas Alcohol Beverage Comm'n,* 731 S.W.2d 723, 727 (Tex.App.—Houston [14th Dist.] 1987, no writ). In the instant case, the findings of fact are not couched in statutory terms and, thus, do not require an accompanying statement of underlying facts. The findings of fact are separately stated and supportive of the conclusions of law. We find that the assistant administrator's findings are in compliance with section 16(b).

■ Furthermore, appellee was not denied fair or lawful treatment during the administrative process. Contrary to appellee's assertion, it is of no legal significance that appellee received the notice of hearing ten months after the first violation was discovered. During that period, the TABC continued its ongoing undercover operation and discovered numerous other violations. The TABC had no obligation to cease its investigation after it discovered the first violation or to warn appellee that other violations were occurring.

■ Appellee was also not denied an opportunity to pay a civil penalty pursuant

**152**

to sections 61.761 and 11.64 of the Alcoholic Beverage Code. Appellee argues that payment of a civil fine is a mandatory option. While section 61.761 states that "section 11.64 of this code relates to alternatives to the suspension or cancellation of a license," subsection (a) of section 11.64 deals only with suspensions. Section 11.-64(a) provides that:

> When the commission or administrator is authorized to *suspend* a permit or license under this code, the commission or administrator *shall* give the permittee or licensee the opportunity to pay a civil penalty rather than have the permit or license suspended. (Emphasis added).

Thus, payment of a civil penalty is only an option in lieu of a suspension, not a cancellation. Here, the TABC cancelled appellee's permits. The remainder of section 11.64 gives the TABC *discretion* to relax a penalty of suspension or cancellation if the permittee could not have prevented the violation by the exercise of due diligence or did not knowingly commit the violation. TEX.ALCO.BEV.CODE ANN. § 11.64(b), (c). We find no abuse of discretion by the assistant administrator in refusing to relax the penalty imposed.

Finding that there is substantial evidence to support the TABC's order and that appellee's substantial rights were not prejudiced, we hold that the district court erred in reversing the TABC's order and we sustain the TABC's sole point of error. Accordingly, we reverse the judgment of the district court and render judgment that the order of the TABC be reinstated.