Jimmy C. WOOLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-81-037-CR.

Court of Appeals of Texas, Austin.

Feb. 24, 1982.

Rehearing Denied March 31, 1982.

Discretionary Review Refused June 9, 1982.

James R. Kreimeyer, Cox, Kreimeyer, Cain & Jezek, P. C., Belton, for appellant.

Arthur C. Eads, Dist. Atty., James Russell, Administrative Asst., Belton, for appellee.

SHANNON, Justice.

Appellant, Jimmy C. Wooley, appeals the judgment of the district court of Bell County that convicts him of official misconduct. Tex.Pen.Code Ann. § 39.01(a)(5) (1974). Following a jury trial resulting in a verdict of guilty, the jury assessed punishment at confinement for ten years and a fine of

$5,000. After hearing, the court suspended imposition of sentence and placed appellant on probation for ten years, conditioned that appellant pay the $5,000 fine and $25,111 in restitution to the Temple Independent School District.

William H. Speer was the Food Service Director of the Temple Independent School District during the period of time here relevant. The evidence tended to show that appellant knowingly received from Speer thousands of cases of canned fruit juices owned by the school district and used the juice in his business without compensation to the school district.

By his first ground of error, appellant argues his indictment was fundamentally defective because it failed to allege a proper culpable mental state as required by Tex. Pen.Code Ann. § 6.02 (1974).[1] It is undisputed that appellant is not a public official. Nevertheless, he was convicted under Tex. Pen.Code Ann. § 39.01(a)(5) 1974), which states:

(a) A public servant commits an offense if, with intent to obtain a benefit for himself ... he intentionally or knowingly:

*       *       *       *       *       *

(5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, ... or pays or delivers it to any person knowing that such person is not entitled to receive it.

Because appellant is not a public official, he could be found guilty of the offense of official misconduct only if he were criminally responsible for the conduct of the public official (Speer) under Tex.Pen.Code Ann. § 7.02(a)(2) (1974). Section 7.02(a)(2) provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

*       *       *       *       *       *

(2) *acting with intent to promote or assist the commission of the offense,* he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.... (emphasis added).

Appellant argues that because he is not a public official, the only theory by which he could be convicted of official misconduct is that he acted "with intent to promote or assist" the public official to commit the offense. Since the indictment fails to allege any "intent to promote or assist," the proper culpable mental state as to his participation in the offense is not alleged, and, accordingly, the indictment is fundamentally defective.

█ The indictment states:

Jimmy C. Wooley, acting together with William H. Speer ... did then and there as a public servant, to-wit: an employee of the Temple Independent School District ... and with the intent to obtain a benefit for himself, did then and there intentionally and knowingly deliver a thing of value belonging to the government, to-wit: Fruit Juices that had come into his possession and custody by virtue of his employment, to Jimmy C. Wooley, doing business as Wooley Tom's Sales, knowing that the said Jimmy C. Wooley, doing business as Wooley Tom's Sales, was not entitled to receive it.

The indictment states appellant "acted together" with Speer to commit the offense. Furthermore, the indictment specifies the offense was committed "with the intent to obtain a benefit for himself" and a thing of value belonging to the government was "in-

---

1. Section 6.02 provides in part:

(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

tentionally and knowingly" delivered, an obvious restatement of the language of § 39.01. The indictment therefore facially complies with the statutory requirement of a culpable mental state under Tex.Pen.Code Ann. § 6.02.

The question to be resolved by this Court is whether the omission of the words "intent to promote or assist the commission of the offense" from the indictment is fundamental error. The Court of Criminal Appeals has recognized the difficulties involved in drafting indictments properly charging parties to offenses. *Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Cr.App.1978). The Court, in *Pitts*, commented:

> Under the former code it was not necessary to allege the facts to show that a defendant was a principal; a principal offender could be charged directly with the commission of the offense although it was not actually committed by him; e.g., [citations omitted]; *Quillin v. State*, 79 Tex.Cr.R. 497, 187 S.W. 199 (1916); [citation omitted]; and V.T.C.A. Penal Code, Sec. 7.01(c) now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another.[2] (footnote added).

In the present case, appellant did not and could not commit the offense of official misconduct, but instead he *aided* the official in the commission of the offense. Nevertheless, under *Pitts*, appellant may be charged *as if he had directly committed the offense*. The indictment in this appeal charged appellant as if he directly committed the offense and, therefore, is sufficient. Appellant's first ground of error is overruled.

▮▮▮ Appellant's second ground of error is that the district court erred in excluding

testimony by an expert witness regarding an Internal Revenue Service audit. Appellant tendered the testimony of Roy Lott, a certified public accountant and appellant's accountant. Outside the presence of the jury, Lott offered to testify that the Internal Revenue Service had conducted an audit of appellant's business in 1980 and had not discovered "any type of fraud." Upon objection by the State, the district court excluded the proffered testimony.

Appellant claims Lott's statements are not hearsay. Appellant's rationale, as expressed at trial, is: "We're not asking [him] what did the Internal Revenue say, think or do. Mr. Lott was present, he can testify to what they did."

In general, evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of the content of the statement is inadmissable as hearsay. 1A R. Ray, *Texas Law of Evidence* § 781 (3rd ed. 1980). The rule is applicable to evidence of contents of reports when offered for the purpose of proving the truth of the contents of such reports. *E.g., Perkins v. Springstun*, 557 S.W.2d 343 (Tex. Civ.App.1977, writ ref'd n.r.e.). Lott's evidence was offered to show that according to the audit appellant's business transactions were free from fraud. The ground of error is overruled.

▮▮▮ Appellant's third ground of error challenges an order by the district court that appellant pay $25,111 in restitution as a condition of his probation. A trial court's order of restitution as a condition of probation will not be overturned absent an abuse of discretion. *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Cr.App.1980). Of course, there must be a factual basis supporting the amount of restitution ordered. *See Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex.Cr.App.1977).

---

**2.** *Quillin v. State*, cited in the quoted portion of *Pitts*, is a case very similar to the present appeal. In *Quillin*, a person was charged with the offense of misapplication of public money under Article 97 of the old Penal Code (Tex. Pen.Code Ann. (1953), repealed 1973). He argued that since he was not a public official, he

could not be charged with the offense. The Court of Criminal Appeals dismissed his contention by determining the accused could be found guilty as a principal to the offense, and the indictment need only allege that he committed the acts constituting the offense together with the official.

■ There is sufficient evidence in support of the district court's order of restitution. The evidence shows appellant agreed to supply candy to the Temple Independent School District and received cases of fruit juice from the District. Initially, appellant paid for some of the juice by giving the school district credit for candy he delivered to the District. No credit was given by appellant for juice he received after October 1977. Appellant's conviction, and the restitution order, were predicated upon the fact that he received juice after October 1977 for which he did not pay, either with credit on candy or by direct payment. The district court properly refused to consider in its restitution order any credit appellant gave the District in return for the juice.

Furthermore, the amount of restitution ordered by the court was based on a *lower* sum of a range of estimates made by school officials of the amount of fruit juice converted by appellant. The district court clearly had factual grounds upon which to order a *higher* amount of restitution, but chose not to do so.

■ Appellant's final ground of error is that the evidence was insufficient to support his conviction of official misconduct, because the State did not introduce evidence that appellant was a public official. This contention is without merit. Appellant was charged, tried, and convicted as a *party* to the offense of official misconduct. Tex.Pen.Code Ann. § 7.03(1) (1974) provides a party may be held criminally responsible as a *party* to an offense which he is otherwise legally incapable of committing alone.

The judgment is in all things affirmed.