**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jo Ann HARRELSON,
Defendant-Appellant.**

**No. 83–1204.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1985.

Charles Campion, San Antonio, Tex. (court-appointed), for defendant-appellant.

Edward C. Prado, U.S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Jo Ann Harrelson appeals her conviction on five counts of perjury for making false material declarations to a grand jury in violation of 18 U.S.C. § 1623 (1982). She was sentenced to five years' imprisonment on all counts with cumulative sentences on the first four counts. The sentence on the fifth count is concurrent with the sentence on count three, resulting in a total of twenty years' imprisonment. We affirm but vacate the sentence on the fifth count under the concurrent sentence doctrine.

The indictment for perjury arose out of a grand jury investigation involving the May 29, 1979 murder of United States District Judge John H. Wood, Jr. Harrelson was investigated because she purchased the rifle used to murder Judge Wood. When she purchased the firearm, she used an alias, Fay L. King, and also falsified her address, birthdate, and driver's license number.[1]

---

**1.** These actions caused Jo Ann Harrelson to be convicted for making a false statement to secure

Her responses to five questions before the grand jury, appearing in five counts, formed the basis for the indictment.

The primary issue raised by Harrelson on this appeal is whether her conviction violates the Double Jeopardy Clause of the Fifth Amendment. She raises other issues concerning recusal, the voir dire procedure, sufficiency of the evidence, cruel and unusual punishment, the charge to the jury, and the district court's refusal to allow her to testify about conversations she had with her attorney during the grand jury proceedings.

### I. Double Jeopardy

Harrelson's argument concerning double jeopardy is two-pronged. First, she argues that the indictment contained multiplicitous counts. Second, she contends that her indictment was the subject of a prior conviction.

### A. Multiplicity of Counts

██ Harrelson argues that counts two, three, and five are multiplicitous because count five totally encompasses the declarations which form the basis for counts two and three. Multiplicity occurs when a single offense is charged in more than one count. *United States v. De La Torre,* 634 F.2d 792, 794 (5th Cir.1981). An indictment for perjury is not multiplicitous when it contains charges for "[s]eparate and distinct false declarations ... [even if] they are all related and arise out of the same transaction or subject matter" if they require different factual proof of falsity. *Id.* at 795.

██ Her conviction on counts two, three, and five was based on her responses to the questions included in these counts as follows:

SECOND COUNT:

Q. Have you ever purchased, acquired or possessed a point 240 caliber Weatherby Magnum Rifle?

A. With reference to your last question, I do not honestly recall purchasing a

rifle which you have just particularly described.

Q. Mrs. Harrelson, you used the word "purchased" in responding to my question. I believe your words were, I do not honestly recall having purchased. Does your answer apply similarly to acquire or possess which were the other two portions of the question?

A. With reference to your last question I do not honestly recall acquiring the rifle which you have just particularly described.

Q. Okay, Mrs. Harrelson, we have now gotten through acquired and purchased. Have you ever possessed a point 240 caliber Weatherby Magnum Rifle?

A. With reference to your last question, I do not honestly recall possessing the rifle which you have just particularly described.

THIRD COUNT:

Q. What other names have you used in addition to your own true name?

A. With reference to your last question, I have searched my memory and to the best of my recollection the following are names I can recall at this time having used at one time or another in the past. Jo Ann Fojtik, F-o-j-t-i-k, which was my maiden name. Jo Ann Starr, my first marriage. Jo Taylor. Samatha Conway and Judy Green. I have used several names over the past fifteen years because I was a gambler. I honestly cannot at the present time recall any other names I have used and therefore would not want to swear under oath regarding same.

FIFTH COUNT:

Q. Did you purchase rifle number 1 prior to May 29, 1979, the day that Judge Wood was killed?

A. I have searched my memory and to the best of my recollection I honest-

a firearm in violation of 18 U.S.C. § 922(a)(6) (1982). This court has affirmed that conviction.

*United States v. Harrelson,* 713 F.2d 1114 (5th Cir.1983).

ly cannot recall. As I have stated previously the best I can recall is that it would have been during the spring or early summer.

Q. In what name did you purchase rifle number 1?

A. I have searched my memory and as I previously testified I have used numerous names during the period I was a gambler. I honestly do not recall whether I used my correct name or not and would not want to swear under oath before this grand jury to same.

Q. Have you ever used the alias Fay L. King?

A. I have searched my memory and as I testified previously, I used numerous names during the period I was a gambler. I have previously given you the names I recall and while that particular name does not ring a bell I would not want to swear under oath before this grand jury to same.

In order to prove the falsity of Harrelson's answer in count two, the Government had to prove that she had purchased, acquired, or possessed the rifle described in the question. To convict her on count three the Government had to prove that she had used other aliases. Count five included the specific question of whether Harrelson had ever used the name Fay L. King, but it also involved the question of whether she remembered purchasing before May 29, 1979 a rifle which she described and said that she had acquired. We need not decide whether the fifth count charges the same offense as either of the other counts, because the sentence for the fifth count was imposed to run concurrently with the third count. We therefore vacate the unreviewed conviction under the fifth count and suspend imposition of that sentence. *See United States v. Diaz*, 733 F.2d 371, 376 (5th Cir.1984); *United States v. Montemayor*, 703 F.2d 109, 119 (5th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

### B. The Prior Conviction

Jo Ann Harrelson was convicted on December 14, 1982, of conspiracy to obstruct justice under 18 U.S.C. §§ 371, 1503 (1982). That conviction has been affirmed by this court. *United States v. Harrelson*, 754 F.2d 1153 (5th Cir.1985). She contends that her conviction for perjury is barred by her earlier conviction, relying on *Brown v. Ohio*, 431 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

 Successive prosecutions are prohibited by the Double Jeopardy Clause unless conviction under " 'each statute requires proof of an additional fact which the other does not.' " *Brown*, 431 U.S. at 166, 97 S.Ct. at 2226, 53 L.Ed.2d at 194 (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871)). It is clear that the commission of a substantive offense is separate and distinct from the conspiracy to commit an offense. *United States v. McLean*, 738 F.2d 655, 660 (5th Cir.1984) (citing *inter alia, Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1288, 43 L.Ed.2d 616, 622 (1975)). Harrelson's conviction for perjury is not barred by the Double Jeopardy Clause.

### II. Other Issues

Harrelson argues that the district judge, Honorable William S. Sessions, should have recused himself from this trial due to the appearance of impartiality under 28 U.S.C. § 455(a) (1982). She also contends that she was denied her right to a fair trial because of the procedure used by the district court in its voir dire of the jury panel. We have rejected these same contentions in *United States v. Harrelson*, 754 F.2d 1153, 1161–1162 (5th Cir.1985).

 The district court properly excluded testimony by Harrelson which would have consisted of statements made to her by her attorney during the grand jury proceedings. She consulted with him outside the jury room after writing down each question she was asked. Her purported purpose for introducing these statements was to explain the theory and technique he used in

the formulation of her answers to the grand jury. As to her attorney's state of mind, the statements were irrelevant hearsay. She needed no proof of the statements to explain her own thoughts and words.

We also conclude that there is no merit to the remaining issues raised by Harrelson. Considering the evidence introduced at trial in the light most favorable to the verdict, with all reasonable inferences and credibility choices to support it, we see sufficient evidence to support her conviction. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Robinson,* 700 F.2d 205, 209 (5th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1003, 79 L.Ed.2d 235 (1984). We are also not inclined to invade the province of Congress by deeming Harrelson's sentence to be cruel and unusual punishment. *See Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 705, 70 L.Ed.2d 556, 560 (1982). The charge to the jury was not erroneous because it substantially contained Harrelson's request on literal truth as a defense. *See United States v. Grissom,* 645 F.2d 461, 464 (5th Cir. 1981).

Affirmed in Part, Vacated in Part.