TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00104-CR







Randall Parks, Appellant



v.



The State of Texas, Appellee







NO. 03-94-00155-CR







Howard Wayne Chappell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR92-0662-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







 Appellants Randall Parks and Howard Wayne Chappell appeal from their
convictions for engaging in organized criminal activity. Tex. Penal Code. Ann. § 71.02 (West
1994). The convicting jury assessed the punishment of each appellant at imprisonment for ten
years, probated, and a fine of $10,000.00. Appellants' conditions of probation require restitution
of $93,591.85, that appellant Parks serve ninety days in jail and that appellant Chappell serve
seventy days in jail.

 Appellants were tried jointly and represented by separate counsel. On appeal,
neither appellant is represented by his trial counsel; each appellant is represented by separate
appellate counsel and separate briefs have been filed. However, these briefs raise substantially
the same issues which we will consider and discuss together in this opinion.

 Appellants assert that the trial court erred in refusing to quash the indictment and
in failing to properly charge the jury, and they further urge that the evidence is insufficient
because the testimony of the accomplice witness was not corroborated. Appellants insist that the
court-ordered restitution is not supported by evidence and also argue that, at both the guilt-
innocence and punishment phases of the trial, they did not receive effective assistance of counsel. 
We will affirm the judgments of conviction.

 Appellants contend that the trial court erred in failing to grant their motions to
quash the indictment. Their motions to quash urged that the indictment did not allege an offense
because it omitted the essential element of the offense of theft that the appropriation of property
was "without the effective consent of the owner." Also, appellants contend that the trial court
committed fundamental error in not charging the jury that, to convict appellants, it must find that
appellants conspired to take the property "without the owners' effective consent," an essential
element of theft.

 The indictment in substance charged that appellants and Arthur Chappell, with
intent to establish, maintain, and participate in a combination and in the profits of a combination,
conspired and agreed to commit the offense of theft, and in pursuance of that agreement they
staged an accident and performed overt acts by filing a lawsuit against Robert Charles Pemberton,
Pool Company, and Pool Well Servicing, Inc. to obtain $20,000.00 or more.

 A person may be guilty of engaging in organized criminal activity by either (1)
intentionally agreeing and combining with two or more persons to commit, or to participate in the
profits of the commission of, one of the criminal offenses which is enumerated in the statute, or
(2) intentionally agreeing and combining with two or more persons in a conspiracy to commit one
of the criminal offenses which is enumerated in the statute, and that person and one or more of
the other conspirators perform overt acts in pursuance of the agreement. Tex. Penal Code Ann.
§ 71.02 (West 1994); Fee v. State, 841 S.W.2d 392, 395 (Tex. Crim. App. 1992); Barber v.
State, 764 S.W.2d 232, 235 (Tex. Crim. App. 1988); Renfro v. State, 827 S.W.2d 532, 534 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). The overt act need not be a criminal act. Barber, 764
S.W.2d at 235; McCann v. State, 606 S.W.2d 897, 898 n.1 (Tex. Crim. App. 1980); Childress
v. State, 807 S.W.2d 424, 431 (Tex. App.--Amarillo 1991, no pet.).

 The offense with which these appellants were charged is a conspiracy to engage in
organized criminal activity. Appellants were not charged with the offense of theft; theft was
merely the object of the alleged conspiracy. A conspiracy to commit a criminal offense and the
intended criminal offense which is the object of the conspiracy are separate and distinct offenses. 
United States v. Harrelson, 754 F.2d 1182, 1185 (5th Cir. 1985); Farrington v. State, 489
S.W.2d 607, 609 (Tex. Crim. App. 1972); Ramirez v. State, 801 S.W.2d 110 (Tex. App.--San
Antonio 1990, pet. dism'd).

 In alleging a conspiracy to commit an offense, it is not necessary to allege the
intended offense, which is the object of the conspiracy, with the same particularity that would be
necessary in an indictment charging only the commission of the intended offense. Smith v. State,
781 S.W.2d 418, 420 (Tex. App.--Houston [1st Dist.] 1989, no pet.); Lucario v. State, 658
S.W.2d 835, 837 (Tex. App.--Houston [1st Dist.] 1983, no pet.). See Farrington v. State, 489
S.W.2d 607, 609 (Tex. Crim. App. 1972); Nisbet v. State, 336 S.W.2d 142 (Tex. Crim. App.
1959); Carter v. State, 116 S.W.2d 371, 383 (Tex. Crim. App. 1938); Buckhannan v. State, 252
S.W.2d 509, 510 (Tex. Crim. App. 1923). The trial court did not err in overruling appellants'
motions to quash the indictment.

 Cosper v. State, 646 S.W.2d 676 (Tex. App.--San Antonio 1983), reversed on other
grounds, 650 S.W.2d 839 (Tex. Crim. App. 1983), is the authority relied on by appellants to
support their argument that the trial court erred in overruling their motions to quash the
indictment. That case is distinguishable from this case because in Cosper it was alleged that the
defendants engaged in organized criminal activity by "intentionally and unlawfully appropriat[ing]
property, to wit: a Ford truck." Because it was alleged that the defendants in Cosper committed
the offense of theft, to convict the defendants, it was necessary for the jury to find that all the
essential elements of theft were committed. In this case, appellants were charged with engaging
in organized criminal activity by conspiring to commit theft. Commission of the offense that is
the object of the conspiracy is not an essential element of the conspiracy offense. McCann, 606
S.W.2d at 898; Walker v. State, 828 S.W.2d 485, 487 (Tex. App.--Dallas 1992, pet. ref'd). The
offense of engaging in organized criminal activity was complete without the commission of the
intended offense of theft. It would have been improper for the trial court to have charged the jury
in the application paragraph of the charge that to find appellants guilty of the offense charged, it
must find the essential element of theft which appellants argue was erroneously omitted. 
However, to aid the jury, the trial court fully charged the jury on the definition of theft, including
the definition that: "Appropriation of property is `unlawful' if it is without the owner's effective
consent." The trial court did not err in failing to include in the application paragraph of the
charge the element of theft which appellants say was erroneously omitted. Appellant's
corresponding points of error are overruled.

 Appellants challenge the sufficiency of the evidence to support their convictions. 
They assert that the testimony of the accomplice witness was not adequately corroborated. 
Constitutional due process does not require the corroboration of an accomplice's testimony to
sustain a conviction. However, a statutory provision in this jurisdiction, unlike many other
jurisdictions, provides that the testimony of an accomplice is insufficient to support a conviction
unless it is corroborated by other evidence tending to connect the defendant to the offense
committed, and the corroboration is not sufficient if it merely shows the commission of the
offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979).

 Accomplice witness Robert Pemberton was employed as a truck driver by the Pool
Company, an oil well servicing company. Pemberton testified that he, at the suggestion of
appellants and Arthur Chappell, agreed to help them stage an accident so that they could claim
injuries and file lawsuits, for damages, against Pemberton's employer. Pemberton testified that
the agreement to stage the accident was accomplished with all four men participating. On a dark
county road, Pemberton drove his employer's 90,000 pound truck into a pickup truck in which
appellants and Arthur Chappell alleged they were sitting. Appellants and Arthur Chappell all
claimed they sustained injuries in the staged accident and filed lawsuits for damages against
Pemberton and his employer. Appellants and Arthur Chappell paid Pemberton money for his part
in their scheme.

 To determine whether an accomplice's testimony is sufficiently corroborated, we
disregard the accomplice's testimony and determine whether the other incriminating facts and
circumstances tend to connect appellant to the offense. Munoz v. State, 853 S.W.2d 558, 559
(Tex. Crim. App. 1993); Carrillo v. State, 591 S.W.2d 876, 883 (Tex. Crim. App. 1979);
Edwards v. State, 427 S.W.2d 629, 632 (Tex. Crim. App. 1968). Corroborative evidence need
not establish a defendant's guilt of the charged offense nor directly link a defendant to the offense,
but it is sufficient if it tends to connect defendant to the offense. Munoz, 853 S.W.2d at 559; Cox
v. State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992). Each case must be considered on its own
facts and circumstances. Apparently insignificant incriminating circumstances may afford
satisfactory evidence of corroboration. Munoz, 853 S.W.2d at 559; Reed v. State, 744 S.W.2d
112, 126 (Tex. Crim. App. 1988); Mitchell v. State, 650 S.W.2d 801, 807 (Tex. Crim. App.
1983). All facts and circumstances in evidence may be considered to determine whether an
accomplice's testimony is corroborated. Munoz, 853 S.W.2d at 560; Reed, 744 S.W.2d at 126;
Mitchell, 650 S.W.2d at 807.

 We will set aside the accomplice witness Pemberton's testimony and consider the
other evidence. Non-accomplice evidence shows that appellants and Arthur Chappell performed
the charged overt acts of claiming injuries and filing lawsuits against the Pool company. All three
alleged conspirators employed the same attorney to represent them and to file their lawsuits. All
three alleged conspirators failed to tell the same physician who examined them about their prior
injuries; if they had told the physician about prior injuries each had suffered, it would have made
a difference in the physician's evaluation of their injuries claimed to have been sustained in this
accident. A trained accident investigator, who was on the scene soon after the accident, testified
that the pickup truck in which the alleged conspirators were sitting was only slightly damaged,
but if the accident had occurred as the conspirators said it did the pickup would have been
demolished. The alleged conspirators' version of the accident was incompatible with physical
facts and the damage to the vehicle. The rear window of the pickup was broken. Another expert
witness testified that the window would not have been broken by one of the conspirators' head,
as claimed, if the accident occurred as they said it did or as indicated by the physical facts. A
state trooper on the scene testified that both appellants appeared to be uninjured until an
ambulance arrived at the scene of the accident.

 We conclude that circumstantial evidence combined with non-accomplice testimony
tends to connect appellants to the offense charged and sufficiently corroborates the testimony of
the accomplice witness. The accomplice witness' testimony along with the corroborating evidence
sufficiently support appellants' convictions for engaging in organized criminal activity. 
Appellants' corresponding points of error are overruled.

 Appellants contend that the trial court erred in ordering, as a condition of
probation, that they make restitution of $93,591.85, because that amount of restitution has no
factual basis in the record. Whether to order restitution, as a condition of probation, is within the
sound discretion of the trial court. Cartwright v. State, 604 S.W.2d 287, 289 (Tex. Crim. App.
1980); Garza v. State, 841 S.W.2d 19, 23 (Tex. App.--Dallas 1992, no pet.). The amount of
restitution ordered must have a factual basis in the record. Cartwright, 605 S.W.2d at 289;
Thompson v. State, 557 S.W.2d 521, 525 (Tex. Crim. App. 1977); Juarez v. State, 796 S.W.2d
523, 526 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd); Wooley v. State, 629 S.W.2d 867, 870
(Tex. App.--Austin 1982, pet ref'd).

 The condition of probation, about which appellants complained, is that: 
"Defendant[s] shall make restitution, jointly and severally with any codefendants, of the sums
indicated as follows: to wit: Pool Company in the amount of $93,591.85." Pool Well Servicing
Company's district manager testified that the company's expenses defending these cases, covering
a three-year period, exceeded more than $100,000.00. He testified these expenses had been
incurred to employ attorneys, adjustors, and accident reconstruction experts. An attorney
employed to defend the suits, which appellants had brought against the Pool Company, testified
that attorney's fees and investigation for a three-year period were more than $93,000.00. The
attorney explained that before Pemberton, one of the conspirators, confessed, this was a
circumstantial evidence case, and it was therefore difficult to defend. Further, he testified that
circumstantial evidence cases require more investigation and the taking of many depositions, and
that expenses were still mounting because the civil cases had not yet been settled.

 Appellants argue that expenses incurred in investigating the accident for the purpose
of criminal prosecution should not be included in the amount of restitution ordered as a condition
of probation. They cite Armijo v. State, 751 S.W.2d 950 (Tex. App.--Amarillo 1988, no pet.),
which holds that investigative expenses leading to indictment and conviction of a defendant are
not among those items enumerated or authorized by statute, and are, therefore, impermissible. 
In this case, appellants' argument that the restitution ordered includes expenses for criminal
prosecution is speculative. Some of the evidence found in the investigation for the defense of the
civil cases may have also been used in prosecuting the criminal case, but the record does not
reveal that any expenses included in the restitution ordered were incurred solely for the purposes
of the criminal prosecution. We will not speculate that expenses included in the restitution order
were incurred solely for the purpose of the criminal prosecution.

 Restitution, as a condition of probation, resting on a similar factual basis was
upheld by this Court in Wooley, 629 S.W.2d at 870-71; see also Pennington v. State, 902 S.W.2d
752 (Tex. App.--Fort Worth 1995, pet. ref'd); Juarez, 796 S.W.2d at 526. While we find
sufficient factual basis in the record to support the amount of restitution ordered, that condition,
like other conditions of probation, may be altered and modified by the trial court at any time
during the period of probation. In connection with the court's right to modify this condition of
probation, the trial court is also required to consider appellant's ability to make the restitution
payments which have been ordered. Tex. Code. Crim. Proc. Ann. art. 42.12, § 11(b) (West
1979). Appellants' corresponding points of error are overruled.

 Appellants declare that they were denied the effective assistance of counsel at the
guilt-innocence phase of the trial, because counsel did not object to the trial court's failure to
include the essential elements of theft in the jury charge. In our disposition of appellants' claims
of fundamental error in the charge, we found that the trial court properly omitted the elements of
theft in the application paragraph of the jury charge. Therefore, it would have been proper for
the trial court to overrule an objection to the jury charge which complained of the omission of the
elements of theft. Counsel's failure to object to the charge, for that reason, did not deny
appellants effective assistance of trial counsel.

 Appellants argue that they were denied effective assistance of counsel in the
punishment phase of the trial because of counsel's failure to object to the amount of restitution as
having no factual basis in the record. Review of the sufficiency of the evidence to support the
trial court's restitution order may be presented and considered on appeal without a trial objection. 
Garza, 841 S.W.2d at 23. Trial counsel's failure to object did not deprive appellants of appellate
review of the sufficiency of evidence to support the trial court's restitution order. Appellants were
not denied effective assistance of counsel at the punishment phase of the trial. Appellant's
corresponding points of error are overruled.

 Appellant Parks, in his fifth point of error, urges that certain conditions of
probation are impossible to perform. Parks complains that the dates have already passed on which
he was to start serving his confinement and on which he was to start paying his fine, probation
fees, and restitution. Therefore, he argues he cannot comply with the conditions imposed. When
probation is granted and an appeal is taken, the conditions of probation do not commence until
after the mandate of the appellate court has issued. Delorme v. State, 488 S.W.2d 808, 810 (Tex.
Crim. App. 1972); see Surety Corp. of Am. v. State, 550 S.W.2d 689, 690 (Tex. Crim. App.
1977); McConathy v. State, 544 S.W.2d 666, 668 (Tex. Crim. App. 1976); Ross v. State, 523
S.W.2d 402, 405 (Tex. Crim. App. 1975); Rodriguez v. State, 680 S.W.2d 585, 587 (Tex.
App.--Corpus Christi 1984, no pet.). After the mandate of this Court has issued, the trial court
will set an appropriate time for appellant to comply with the conditions of probation. As we have
already noted, the trial court can alter and modify the conditions of probation. Appellant Parks'
fifth point of error is overruled.

 The record clearly shows that the jury assessed appellants' punishment. However,
the judgments erroneously state that appellants elected to have the trial court assess punishment
and that the court did so. It is ordered that the judgments be reformed to conform to the record.

 As reformed, the judgments are affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Aboussie and Dally*

Reformed and, as Reformed, Affirmed on Both Causes

Filed: March 13, 1996

Do Not Publish


















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



ke the restitution
payments which have been ordered. Tex. Code. Crim. Proc. Ann. art. 42.12, § 11(b) (West
1979). Appellants' corresponding points of error are overruled.

 Appellants declare that they were denied the effective assistance of counsel at the
guilt-innocence phase of the trial, because counsel did not object to the trial court's failure to
include the essential elements of theft in the jury charge. In our disposition of appellants' claims
of fundamental error in the charge, we found that the trial court properly omitted the elements of
theft in the application paragraph of the jury charge. Therefore, it would have been proper for
the trial court to overrule an objection to the jury charge which complained of the omission of the
elements of theft. Counsel's failure to object to the charge, for that reason, did not deny
appellants effective assistance of trial counsel.

 Appellants argue that they were denied effective assistance of counsel in the
punishment phase of the trial because of counsel's failure to object to the amount of restitution as
having no factual basis in the record. Review of the sufficiency of the evidence to support the
trial court's restitution order may be presented and considered on appeal without a trial objection. 
Garza, 841 S.W.2d at 23. Trial counsel's failure to object did not deprive appellants of appellate
review of the sufficiency of evidence to support the trial court's restitution o