OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


November 20, 2000

The Honorable J. Collier Adams, Jr.   Opinion No. JC-0307
Cochran County Attorney
109 West Washington       Re: Whether a criminal violation of the Open
Morton, Texas 79346-2536     Meetings Act, chapter 551 of the Government Code,
                 occurs when a person urges individual members of
                 a commissioners court to place an item on the
                 commissioners court's agenda or to vote a certain
                 way on an item on the agenda (RQ-0242-JC)

Dear Mr. Adams:

You ask whether a criminal violation of the Open Meetings Act, chapter 551 of the Government Code (the "Act"), occurs when a person urges individual members of a commissioners court to place an item on the commissioners court's agenda or vote a certain way on an item on the agenda. Your question is considered hypothetically without reference to any particular incident. We cannot and do not resolve whether or not any person has actually violated the Open Meetings Act. Such a determination would require the investigation and resolution of fact questions, which cannot be done in an attorney general opinion.[1]

We conclude that a person who acts independently to urge individual members of a commissioners court to place an item on the commissioner court's agenda or vote a certain way on an item on the agenda does not commit an offense, even if he or she informs members of other members' views on the matter. Although a person who is not a member of the commissioners court may be charged with a violation of section 551.143 or 551.144 of the Open Meetings Act under sections 7.01 and 7.02 of the Penal Code, we believe that a person does not commit an offense under these provisions unless, acting with intent, he or she aids or assists a member or members who knowingly act to violate the Act.

You also ask whether a violation of the Act occurs when a claim, invoice, or bill is approved for payment by members of a commissioners court in writing rather than at a meeting held under the Act. We conclude that a claim, invoice, or bill must be approved by a commissioners court at a meeting held pursuant to the Act. Circulation of a claim, invoice, or bill among members of a

---

[1]See, e.g., Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

commissioners court for approval in writing in lieu of its consideration at a meeting held pursuant to the Open Meetings Act would violate the Act.

Before turning to your questions, we briefly review the major provisions of the Act. The Act requires a governmental body to meet in properly noticed public meetings unless the governmental body is expressly authorized by law to discuss an item in closed session. *See* TEX. GOV'T CODE ANN. §§ 551.002 ("Every regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter."), .041 (notice), .071-.086 (exceptions to requirement that meetings be open) (Vernon 1994 & Supp. 2000). A county commissioners court is a governmental body subject to the Act. *See id.* § 551.001(3)(B) (Vernon Supp. 2000).

The Act defines a meeting as "a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action." *Id.* § 551.001(4)(A). It also defines a meeting as a gathering:

> (i) that is conducted by the governmental body or for which the governmental body is responsible;
>
> (ii) at which a quorum of members of the governmental body is present;
>
> (iii) that has been called by the governmental body; and
>
> (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

*Id.* § 551.001(4)(B); *see also id.* § 551.001(4)(B)(iv) ("The term does not include the gathering of a quorum of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the social function, convention, or workshop."). "Deliberation" means "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2).

Under these definitions, a meeting between a quorum of a governmental body and a staff member is a meeting subject to the Act. *See* Tex. Att'y Gen. Op. No. JC-0169 (2000) at 6 ("staff

briefings may be conducted only in public, unless some specific exception of the Act applies"). A quorum is defined as "a majority of a governmental body, unless defined differently by applicable law or rule or the charter of the governmental body." TEX. GOV'T CODE ANN. § 551.001(6) (Vernon Supp. 2000). The Local Government Code provides that "[t]hree members of the commissioners court constitute a quorum for conducting county business except the levying of a county tax." TEX. LOC. GOV'T CODE ANN. § 81.006(a) (Vernon 1999).

Your first two questions ask whether a criminal violation of the Open Meetings Act occurs when "a person who is not a member of the Commissioners Court goes outside of a called meeting to all or a quorum of the County Commissioners to secretly secure their commitment to decide a matter that is on the Commissioners Court agenda to be heard at an open session set in the future" or "to urge a specific decision on a matter that the actor wants placed on the Commissioners Court agenda?"[2] In a related question you ask, "Can the criminal penalties of the Open Meetings Act be applied to a person who is not a member of the County Commissioners Court, but engages in conduct that results in secret deliberations and decision-making by the Commissioners Court?" Request Letter, *supra* note 2, at 2.

As background, you posit the following situation:

> An example of such conduct might be when a person who wants a certain course of action to take place at a future meeting in the Commissioners Court, goes to and finds, wherever they may be found, at home or work, all of the County Commissioners one by one, or goes to at least three Commissioners, or goes to two Commissioners and the County Judge either to have the item placed on the agenda and decided in the manner advocated by that person, or to decide a matter on the agenda in the manner urged by that person.

*Id.* You do not ask about the criminal liability of a member of the commissioners court. We gather you are concerned about a person who speaks to members of a commissioners court individually to urge them to place an item on the commissioners court's agenda or vote a certain way on an item on the agenda and who, in doing so, may inform members of other members' views on the matter. We assume that you ask about a person who approaches the members on his or her own initiative and not upon the request of a member or members of the court.

The Act contains two criminal misdemeanor provisions that are potentially relevant to your question. Each of these offenses is punishable by a fine of not less than $100 or more than $500, confinement in the county jail for not less than one month or more than six months, or both fine and

---

[2]Letter from Honorable J. Collier Adams, Jr., Cochran County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (June 9, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

confinement. *See* TEX. GOV'T CODE ANN. §§ 551.143(b), .144(b) (Vernon 1994 & Supp. 2000). Section 551.143 provides that:

> (a) A member or group of members of a governmental body commits an offense if the member or group of members knowingly conspires to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of this chapter.

*Id.* § 551.143(a) (Vernon 1994). Section 551.144 provides that:

> (a) A member of a governmental body commits an offense if a closed meeting is not permitted under this chapter and the member knowingly:
>
> (1) calls or aids in calling or organizing the closed meeting, whether it is a special or called closed meeting;
>
> (2) closes or aids in closing the meeting to the public, if it is a regular meeting; or
>
> (3) participates in the closed meeting, whether it is a regular, special, or called meeting.

*Id.* § 551.144(a) (Vernon Supp. 2000); *see also id.* § 551.001(1) ("'Closed meeting' means a meeting to which the public does not have access."). A member of a governmental body may be "held criminally responsible [under section 551.144] for his involvement in the holding of a closed meeting which is not permitted under the Act regardless of his mental state with respect to whether the closed meeting is permitted under the Act." *Tovar v. State*, 978 S.W.2d 584, 587 (Tex. Crim. App. 1998) (en banc). It is a defense to prosecution under section 551.144 "that the member of the governmental body acted in reasonable reliance on a court order or a written interpretation of this chapter contained in an opinion of a court of record, the attorney general, or the attorney for the governmental body." TEX. GOV'T CODE ANN. § 551.144(c) (Vernon Supp. 2000).

Before considering whether a person who is not a member of a governmental body may be criminally liable under these provisions, we consider whether a member of a governmental body could commit either of these offenses by enlisting a person who is not a member of the governmental body to facilitate secret deliberations between members of the governmental body. Because the Act has been construed to apply to situations in which members of a governmental body act as a body but are not in each other's physical presence, we believe this is possible.

In Attorney General Opinion DM-95, this office addressed whether members of a governmental body could violate the Act by signing a letter on matters relevant to public business without meeting to take action on the matter in a meeting held pursuant to the Act. After noting that

the Act's definitions of the terms "meeting" and "deliberation" speak in terms of a quorum of a governmental body coming together in one location in each other's physical presence, the opinion considered whether members of a governmental body may violate the criminal provisions of the Act when they do not come together in the same location and the gathering therefore does not technically meet these definitions. The opinion carefully analyzed the court's decision in *Hitt v. Mabry*, 687 S.W.2d 791 (Tex. App.–San Antonio 1985, no writ), which concluded that members of a school board had violated the Act by deciding to send out a letter to all parents of the school district without discussion of the matter in an open meeting. After noting that the court had specifically upheld an order enjoining the school board from polling its members by telephone, this office concluded that "the physical presence of a quorum in a single place at the same time is not always necessary for a violation of [the Act] to occur. Avoiding the technical definition of 'meeting' or 'deliberation' is not, therefore, a foolproof insulator from the effect of the act." Tex. Att'y Gen. Op. No. DM-95 (1992) at 5. *But see Harris County Emergency Serv. Dist. No. 1 v. Harris County Emergency Corps*, 999 S.W.2d 163, 169 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (finding, absent evidence of secret deliberations attempting to circumvent the Act, that where less than a quorum of a governmental body meets together they have not had a "meeting" for purposes of the Act and have not violated the Act). The opinion also noted that the enactment of the statutory predecessor of section 551.143, which prohibits members of a governmental body from conspiring to avoid the Act's requirements by meeting in numbers of less than a quorum, indicates that the legislature did not intend that criminal provision to be strictly construed according to the Act's definitions of meeting and deliberation. *See* Tex. Att'y Gen. Op. No. DM-95 (1992) at 5 ("Indeed, it would appear that the legislature intended expressly to reach deliberate evasions of these definitions in enacting section 4(b) of the act."); *see also* Tex. Att'y Gen. Op. No. LO-95-055, at 4 ("It is possible for members of a governmental body to violate the Open Meetings Act even [though] they are not physically present in one place, for example, by discussing public business of the governmental body over the telephone."). Thus, we believe it is conceivable that members of a governmental body could violate the Act by using third persons as intermediaries to hold a closed meeting or to meet in numbers of less than a quorum.

We note that two judicial opinions issued after DM-95 could be read to suggest that the Act's definition of "deliberation" as "a *verbal exchange* during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person," TEX. GOV'T CODE ANN. § 551.001(2) (Vernon Supp. 2000) (emphasis added), includes only spoken communications. *See Gardner v. Herring*, 21 S.W.3d 767, 771 (Tex. App.–Amarillo 2000, no pet.) (concluding that under Act prior to 1999 amendments, "a meeting occurred when there was a 'giving and receiving of spoken words' about a matter of public business or within the body's jurisdiction"); *Dallas Morning News Co. v. Bd. of Trs.*, 861 S.W.2d 532, 537 (Tex. App.–Dallas 1993, writ denied) ("the words 'verbal exchange' mean a reciprocal giving and receiving of spoken words"). In both these cases, the courts considered whether a deliberation occurred when a quorum of a governmental body was present and arguably listened but did not respond to a verbal presentation. Neither case involved written or other forms of exchange, and in neither case did the court distinguish between spoken and other forms of exchange. We therefore do not read these cases to hold that the Act's definition of "deliberation" excludes all forms of nonspoken exchange, such as written materials or electronic mail. Furthermore, the meaning of word "verbal" is not limited to spoken words. *See,*

*e.g.*, XIX OXFORD ENGLISH DICTIONARY 528 (2d ed. 1989) (defining "verbal" first as "[d]ealing in or with words" and fourth as "[e]xpressed or conveyed by speech instead of writing"); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1311 (10th ed. 1993) (defining "verbal" first as "of, relating to, or consisting of words" and third as "spoken rather than written"); BLACK'S LAW DICTIONARY 1554 (7th ed. 1999), (defining "verbal" first as "[o]f, relating to, or expressed in words" and second as "[l]oosely, of, relating to, or expressed in spoken words"). In addition, were we to conclude that only spoken communications are included in the definition of "deliberation," then members of a governmental body could easily avoid the Act's requirements by discussing public business via written notes and electronic mail. We decline to give the term "deliberation" such a limited construction.

Next, we consider whether a person who is not a member of a governmental body may be criminally liable under section 551.143 or 551.144. On their face, both provisions expressly apply only to members of a governmental body. *See* TEX. GOV'T CODE ANN. §§ 551.143(a) (*"A member or group of members of a governmental body* commits an offense . . . . "); .144(a) (*"A member of a governmental body* commits an offense . . . . ") (Vernon 1994 & Supp. 2000) (emphasis added). Importantly, however, the Penal Code applies to the Act's criminal provisions. *See Martinez v. State*, 879 S.W.2d 54, 56 n.4 (Tex. Crim. App. 1994) (en banc) (concluding that Penal Code applies to Open Meetings Act offenses); TEX. PEN. CODE ANN. § 1.03(b) (Vernon 1994) (Penal Code applies to "offenses defined by other laws, unless the statute defining the offense provides otherwise"). Section 7.01 of the Penal Code provides that "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct" and that "[e]ach party to an offense may be charged with commission of the offense." TEX. PEN. CODE ANN. § 7.01(a), (b) (Vernon 1994). Section 7.02 of the Penal Code further provides:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> . . . .
>
> (2)  *acting with intent* to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense
>
> . . . .

*Id.* § 7.02(a)(2) (emphasis added). Pursuant to the Penal Code, a person acts "intentionally" or "with intent" "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). Section 7.03 provides that in "a prosecution in which an actor's criminal responsibility is based on the conduct of another, the actor may be convicted on proof of commission of the offense and that he was a party to its commission." *Id.* § 7.03. It is no defense "(1) that the actor belongs to a class of persons that by definition of the offense is legally incapable of committing the offense in an individual capacity" or "(2) that the person for whose conduct the actor is criminally responsible has been acquitted, has

not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution." *Id.*

Significantly, under chapter 7 of the Penal Code, a person who aids a public officer in the commission of an offense that may only be committed by a public officer may be charged as if he or she had directly committed the offense even though he or she lacked the legal capacity to commit the offense. In *Wooley v. State*, 629 S.W.2d 867 (Tex. App.–Austin 1982, pet. ref'd), the defendant was charged with receiving fruit juice that belonged to a school district from the district's food service director. *See Wooley*, 629 S.W.2d at 869. Although the defendant was not a public official, he was charged and convicted under section 39.01(a)(5) of the Penal Code, prohibiting a public servant from taking anything of value belonging to the government that may have come into his custody by virtue of his employment. *See id.* The defendant unsuccessfully challenged the indictment: "[The defendant] did not and could not commit the offense of official misconduct, but instead he aided the official in the commission of the offense. Nevertheless [the defendant] may be charged as if he had directly committed the offense." *Id.* at 870. The court also rejected the defendant's contention that the evidence was insufficient to support his conviction for official misconduct because the state did not prove that he was a public official, noting that under chapter 7 of the Penal Code "a party may be held criminally responsible as a party to an offense which he is otherwise legally incapable of committing alone." *Id.* at 871; *see also Quillin v. State*, 187 S.W. 199 (Tex. Crim. App. 1916) (person who was not a public officer could be prosecuted as a principal for misapplication of public money even though offense applied only to tax collectors).

Because a person who is not a public official may be held criminally responsible as a party to the offense of official misconduct based on allegation that he aided the official in the commission of the offense, we believe it follows that the law permits the charging of a person who is not a member of a governmental body with an offense under the Open Meetings Act. Thus, for example, a person who is not a member of a governmental body, who "acting with intent to promote or assist the commission of the offense," "solicits, encourages, directs, aids, or attempts to aid" a member of a governmental body to circumvent the Act by meeting in numbers less than a quorum for the purpose of secret deliberations, could be charged with violating section 551.143. *See* TEX. PEN. CODE ANN. § 7.02(a)(2) (Vernon 1994). We stress, however, that under section 551.143, there is no violation unless a member or members "knowingly conspire" to circumvent the Act's open meetings requirement by meeting in numbers of less than a quorum. And under section 551.144, a member must "knowingly" participate in a closed meeting. Therefore, we believe that a person who is not a member of a governmental body cannot violate these provisions unless he or she, acting with intent, aids or assists a member or members of the court who knowingly act to violate the Act. *See* TEX. GOV'T CODE ANN. §§ 551.143, .144 (Vernon 1994 & Supp. 2000); TEX. PEN. CODE ANN. § 6.03(a), (b) (definitions of acting "with intent" and acting "knowingly") (Vernon 1994).

Again, you appear to be concerned about a person who speaks to members of a commissioners court individually to urge them to place an item on the commissioner court's agenda or vote a certain way on an item on the agenda and who, in doing so, may inform members of other members' views on the matter. You ask about a person who approaches the members on his or her own initiative and not upon the request of other members of the court. We conclude that such a

person, who does not act in concert with a member or members of the court, does not violate the Act. Because we conclude that this conduct does not violate the Act, we do not address your question regarding the responsibility of members of the court who are aware of it. *See* Request Letter, *supra* note 2, at 2 ("If so, then what is the responsibility of a County Commissioner or County Judge toward someone the County Commissioner or County Judge suspects is violating the Open Meetings Act by peddling secret deliberations among more than one member of the Commissioners Court?").

Furthermore, we note that we have received briefs expressing the concern that construing the Act's criminal provisions to apply to nonmembers' unsolicited conduct might impede citizens' access to public officials elected to represent their interests and penalize public officers for being open to their constituents. Because we conclude that a nonmember may not be criminally liable under the Open Meetings Act unless, acting with intent, he or she aids or assists a member or members of the governmental body who knowingly act to violate the Act, we do not believe that our conclusion here should concern citizens and members of governmental bodies who discuss public business in good faith.

Finally you ask if "a violation of the Open Meetings Act occur[s] when a claim, invoice, or bill is circulated or passed among the County Commissioners until at least three signatures are attained then to deliver the claim, invoice or bill to the County Auditor/Treasurer for payment?" *See id.* Approval of a claim, invoice, or bill by the commissioners court for payment is an official act of the court that must take place at a meeting held under the Act. Section 113.064(a) of the Local Government Code provides that in a county with a county auditor, "each claim, bill, and account against the county must be filed in sufficient time for the auditor to examine and approve it *before the meeting of the commissioners court.*" TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 1999) (emphasis added). Section 115.021 of the Local Government Code provides that the commissioners court "shall audit and settle all accounts against the county and shall direct the payment of those accounts." *Id.* § 115.021. Courts have held that these provisions require the auditor and the commissioners court separately to examine and make a decision as to whether to approve each claim against county funds. *See Crider v. Cox*, 960 S.W.2d. 703, 706 (Tex. App.–Tyler 1997, pet. denied); *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.–Dallas 1976, writ dism'd). "The legislative scheme of control of county funds requires specific approval of the claim by the Auditor before consideration by the Commissioners Court. Likewise, the Auditor may not direct the expenditure of county funds without the County Commissioner's order." *Crider*, 960 S.W.2d. at 706.

A commissioners court may only act to approve a claim, invoice, or bill as a body at a meeting subject to the Open Meetings Act. *See Swaim v. Montgomery*, 154 S.W.2d 695, 696-97 (Tex. Civ. App.–Amarillo 1941, writ ref'd) (stating that commissioners court does not act by statement of one member; rather, it acts as court, meeting in open session to transact county business) (quoting *Tarrant County v. Smith*, 81 S.W.2d 537, 538 (Tex. Civ. App.–Fort Worth 1935, writ ref'd)); *see also* Tex. Att'y Gen. LO-95-002, at 2 (county treasurer may not make payments from county treasury prior to the commissioners court's approval of such expenditures in an open meeting under the Open Meetings Act). Approving a claim, invoice, or bill in writing constitutes deliberation of county business within the meaning of the Act. *See* Tex. Att'y Gen. Op. No. DM-95 (1992) ("If a quorum of a governmental body agrees on a joint statement on a matter of [public

business], the deliberation by which that agreement is reached is subject to the requirements of the Act, and those requirements are not necessarily avoided by avoiding the physical gathering of a quorum in one place at one time."); *see also* discussion *supra* pp. 5-6 (regarding whether "verbal exchange" includes written communications). Accordingly, a commissioners court's approval (or attempted approval) of payment of a claim, invoice, or bill given by members in writing in lieu of consideration of the matter at a meeting held under the Act would violate the Act's requirement that a vote, decision, or final action on a matter be taken in a properly noticed open meeting. *See* TEX. GOV'T CODE ANN. §§ 551.002, .102 (Vernon 1994); *id.* § 551.141 ("An action taken by a governmental body in violation of this chapter is voidable."); *see also* Tex. Att'y Gen. Op. No. DM-95 (1992) (holding that letter signed by quorum of governmental body concerning public business is official action of signatory members subject to requirements of the Act); Tex. Att'y Gen. Op. No. H-1163 (1978) at 2 (governmental body may not vote by secret written ballot). In addition, deliberation about such a claim, invoice, or bill between members of a commissioners court outside an open meeting could violate the Act's criminal provisions. *See* TEX. GOV'T CODE ANN. §§ 551.143, .144 (Vernon 1994 & Supp. 2000). This does not mean, however, that individual members of the court may not receive and review a claim, invoice, or bill in advance of a meeting, provided that they do not discuss or otherwise communicate approval or disapproval of the item outside a meeting held pursuant to the Act.

## S U M M A R Y

A person who acts independently to urge individual members of a commissioners court to place an item on the commissioners court's agenda or vote a certain way on an item on the agenda does not commit an offense under the Open Meetings Act, even if he or she informs members of other members' views on the matter. A person who is not a member of the commissioners court may be charged with a violation of section 551.143 or 551.144 of the Open Meetings Act, but only if the person, acting with intent, aids or assists a member or members who knowingly act to violate the Act. Circulation of a claim, invoice, or bill among members of a commissioners court for approval of payment in writing in lieu of consideration of the item at a meeting held pursuant to the Act would violate the Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee